STATE OF NORTH CAROLINA v. MICHAEL ANTHONY DUDLEY

No. COA01-1172

(Filed 6 August 2002)

## 1. Homicide— felony murder—shooting by accomplice—common purpose and natural consequences

The trial court did not err in a prosecution for felony murder during a robbery and assault by denying defendant's motion to dismiss where defendant and the other intruders were in pursuit of a common purpose (burglary and attempted robbery), the victim was shot by defendant's accomplice, and there was also substantial evidence that the murder was a natural and probable consequence of the burglary and attempted robbery.

## 2. Homicide— felony murder—acting in concert—instructions—motion to dismiss

There was no error in a prosecution for felony murder where defendant contended that the trial court erred by denying his motion to dismiss when it defined acting in concert as to burglary and attempted robbery charges, but not as to the murder charge. Jury instructions have no logical relationship to dismissing a case at the close of the evidence; moreover, reading these instructions in their entirety, there was no error.

## 3. Homicide— short form murder indictment—sufficient

A short form murder indictment sufficiently conferred jurisdiction on the trial court where it alleged that defendant "unlawfully, willfully, and feloniously did of malice aforethought kill and murder" the victim. The indictment met the requirements of N.C.G.S. § 15-144.

## 4. Homicide— felony murder—two underlying convictions—jury not required to decide predicate

The trial court did not err in a prosecution for burglary, attempted robbery, and felony murder by not requiring the jury to unanimously decide which felony was the predicate for the felony murder. Defendant was unanimously convicted of both potential underlying felonies, either of which could have been the basis for the felony murder conviction.

**5. Sentencing— felony murder—two underlying convictions— merger**

Convictions for first-degree felony murder, burglary, and attempted robbery was remanded for resentencing where defendant was sentenced for murder and both underlying charges, but there was no indication of which felony was unanimously determined to be the underlying felony. The merger rule requires the trial court to arrest judgment on at least one of the underlying convictions.

Appeal by defendant from judgment entered 30 November 2000 by Judge Henry E. Frye, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 12 June 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Edwin W. Welch, for the State.*

*Miles and Montgomery, by Lisa Miles, for defendant-appellant.*

CAMPBELL, Judge.

Defendant was indicted on 7 February 2000 by the Guilford County Grand Jury for murder, assault with a deadly weapon inflicting serious injury, robbery with a firearm, attempted robbery with a firearm, and first-degree burglary. Defendant pled not guilty and was tried before a jury at the 27 November 2000 Criminal Session of the Guilford County Superior Court, Judge Henry E. Frye, Jr. presiding.

Defendant's confession and other evidence offered by the State at trial tended to show that defendant, accompanied by DeAndre Dudley ("DeAndre") and Robert Adams ("Adams"), kicked in the door of a two-story home occupied by Adonnis R. Whitfield ("Whitfield") and Eric Terrell Fowler ("Fowler") during the early morning of 7 December 1999. All three intruders entered the home wearing masks and carrying guns while both residents were asleep. Whitfield, who was sleeping on the ground floor, awoke to find a shotgun pointed in his face. Shortly thereafter, one of the intruders brought Fowler downstairs. While DeAndre held the residents at gunpoint, defendant and Adams searched the upstairs.

Following an unsatisfying search of the upstairs, Adams went downstairs and demanded that the residents disclose the location of their money. When neither resident complied with this demand, Adams shot Whitfield in the leg. A few minutes later, he shot Fowler

once in the buttocks. Fowler fell into the kitchen and died later that day as a result of the gunshot wound. During both shootings, defendant continued searching for valuables upstairs. After gathering jewelry, money, drugs, and other things of value, the intruders left. They were subsequently arrested and tried.

Once the State rested its case, defendant presented no evidence on his own behalf. Thereafter, on 30 November 2000, the jury found defendant guilty of first-degree murder under the felony murder rule. He was sentenced to life imprisonment without parole (99 CRS 110602). Defendant was also found guilty of assault with a deadly weapon inflicting serious injury (sentenced to 17 to 30 months) (99 CRS 111389), robbery with a firearm and attempted robbery with a firearm (sentenced to 42 to 60 months, running concurrently with the murder conviction) (99 CRS 111390-91), and first-degree burglary (sentenced to 42 to 60 months) (99 CRS 111392). Defendant appeals.

[1] By defendant's first assignment of error he argues the trial court erred in denying his motion to dismiss at the close of the evidence. Defendant bases this argument on (1) insufficient evidence demonstrating that Fowler's murder was in pursuance of a common purpose or a natural and probable consequence of the burglary and attempted robbery and (2) improper jury instructions. We disagree.

When ruling on a defendant's motion to dismiss a criminal action, "the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied." *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982) (citing *State v. Roseman*, 279 N.C. 573, 580, 184 S.E.2d 289, 294 (1971)). Whether the evidence presented is substantial is a question of law for the court. *State v. Stephens*, 244 N.C. 380, 384, 93 S.E.2d 431, 433 (1956). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted).

In the present case, substantial evidence exists showing defendant and the other intruders were in pursuance of a common purpose, i.e., the burglary and attempted robbery of the home occupied by Whitfield and Fowler. When parties agree to do an unlawful act, each party is responsible for the act of the other, provided the act was done

in furtherance of the common purpose or in pursuance of the original understanding. *State v. Barnes*, 345 N.C. 184, 232, 481 S.E.2d 44, 70 (1997). The evidence shows that defendant and the other two intruders conceived and planned the robbery together. Defendant kicked in the door of the residence and searched the home for items of value. After the crime, the intruders divided the stolen money and valuables among themselves. Thus, there is substantial evidence showing that defendant and the other intruders were in pursuance of a common purpose.

There is also substantial evidence that Fowler's murder was a natural and probable consequence of the burglary and attempted robbery. Our Supreme Court has held that a co-conspirator does not have to participate in the actual killing to be guilty of first-degree murder under the felony murder rule. *State v. Barts*, 316 N.C. 666, 689, 343 S.E.2d 828, 843 (1986). Here, although defendant did not shoot Fowler, he was aware that all three intruders entered the house wearing masks and carrying guns. Defendant was also aware that Whitfield and Fowler were being held at gunpoint while he searched the upstairs. Therefore, the trial court's denial of defendant's motion to dismiss the charges against him is supported by substantial evidence demonstrating that murder was a natural and probable consequence of the intruders' actions.

**[2]** Next, defendant argues that the trial court erred in denying his motion to dismiss when the trial judge defined "acting in concert" as to the burglary and attempted robbery charges but not as to the charge for the first-degree murder of Fowler. However, jury instructions have no logical relationship to dismissing a case at the close of the evidence. Jury instructions take place *after* the evidence is closed and in a separate phase of the trial. Thus, even if the jury instructions were improper, it would not support defendant's argument that the trial court erred in denying his motion to dismiss. Nevertheless, after reading the jury instructions "in their entirety, and not in detached fragments," we conclude that there was no error by the trial court. *State v. Wright*, 302 N.C. 122, 127, 273 S.E.2d 699, 703 (1981) (citations omitted).

**[3]** Secondly, we address defendant's third assignment of error in which he argues the trial court did not have jurisdiction over him because he was indicted using a short-form murder indictment. Specifically, defendant contends that the indictment for first-degree murder did not indicate whether the grand jury charge was for first-

degree or second-degree murder, and if first-degree murder, which theory or theories the grand jury found were supported by the evidence presented. This argument is without merit.

Section 15-144 of the General Statutes of North Carolina provides that an indictment for murder is sufficient if it alleges the accused person "feloniously, willfully, and of his malice aforethought, did kill and murder" the victim. N.C. Gen. Stat. § 15-144 (2001). Our Supreme Court has held that such an indictment will support a conviction of either first-degree or second-degree murder because Section 15-144 contains no requirement that the indictment specify the degree of murder sought. *State v. Braxton*, 352 N.C. 158, 174, 531 S.E.2d 428, 437 (2000), *cert. denied*, 531 U.S. 1130, 148 L. Ed. 2d 797 (2001). In the case *sub judice*, the murder indictment *did* state that it was for first-degree murder and also stated that defendant "unlawfully, willfully, and feloniously did of malice aforethought kill and murder" Fowler. Since the short-form indictment met the requirements of Section 15-144, it sufficiently conferred jurisdiction over this case to the trial court.

**[4]** Finally, by defendant's second assignment of error he argues the trial court erred by not requiring the jury to unanimously decide which felony was the predicate for first-degree felony murder. We disagree.

This Court has held that a trial court's disjunctive phrasing of a jury instruction does not deprive the defendant of the right to be convicted by a unanimous jury. *State v. Galloway*, 145 N.C. App. 555, 568, 551 S.E.2d 525, 534 (2001). "[I]f the trial court merely instructs the jury disjunctively as to various alternative acts *which will establish an element of the offense*, the requirement of unanimity is satisfied." *State v. Lyons*, 330 N.C. 298, 303, 412 S.E.2d 308, 312 (1991) (emphasis in original). In the present case, the instructions given to the jury regarding the felony murder charge were, in pertinent part, as follows: "[If] while committing or attempting to commit burglary *or* robbery the defendant killed the victim and the defendant's act was a proximate cause of the victim's death, it would be your duty to return a verdict of guilty of first degree murder." (Emphasis added.) Defendant was unanimously convicted of both potential underlying felonies, and first-degree murder even though only one conviction was necessary to support the felony murder conviction. Since either burglary or robbery could have been the basis for defendant's felony murder conviction, the trial court did not err.

**[5]** Although not raised by defendant, this Court does take issue with the trial court imposing sentences on defendant for both underlying felonies, and we raise this issue on our own initiative to prevent manifest injustice. *See* N.C. R. App. P. Rule 2.

In a felony murder case, the State is not required to secure a separate indictment for the underlying felony. *State v. Carey*, 288 N.C. 254, 274, 218 S.E.2d 387, 400 (1975), *vacated in part by* 428 U.S. 904, 49 L. Ed. 2d 1209 (1976). However, if the State secures an indictment for the underlying felony and a defendant is convicted of both the underlying felony and felony murder, the defendant will only be sentenced for the murder. The underlying felony must be arrested under the merger rule. *State v. Barlowe*, 337 N.C. 371, 380, 446 S.E.2d 352, 358 (1994); *Carey*, 288 N.C. at 274, 218 S.E.2d at 400.

Here, in addition to other charges, defendant was sentenced for first-degree felony murder and for both potential underlying felonies. The merger rule requires the trial court to arrest judgment on at least one of the underlying felony convictions if two separate convictions supported the conviction for felony murder. *Id.* Since there is no evidence in the record indicating which felony the jury unanimously determined was the underlying felony for felony murder, we remand this case to the trial court. The trial court is instructed to arrest either the burglary or robbery felony in such a manner that would not subject defendant to a greater punishment.

Accordingly, for the aforementioned reasons we find no error in the decision of the trial court, except for the court's failure to arrest the underlying felony under the merger rule with respect to defendant's first-degree felony murder conviction.

Affirmed in part and remanded in part for re-sentencing.

Judges WYNN and HUDSON concur.