GEER, Judge.
Defendant James William Barrow appeals from a judgment and sentence entered for the first degree murder of Lynn Wright. Defendant was also convicted of the first degree murder of Michael Jones under the felony murder rule, with the underlying felony being the murder of Lynn Wright. Because defendant's conviction for the murder of Lynn Wright merged into his conviction under the felony murder rule for the murder of Michael Jones, we conclude that the judgment and sentence of life imprisonment for the murder of Lynn Wright must be arrested.
The State's evidence tended to prove the following. On 21 January 1995, defendant and Davy Stephens entered the home of LynnWright. While in Wright's house, defendant and Stephens shot Wright six times, killing him. After killing Wright, defendant walked onto the house's porch where he found Antwon Jenkins and James White. Defendant shot and killed Jenkins and then attempted to kill White, although the bullet only grazed the side of White's face. While defendant was on the porch, Stephens entered the living room and shot Kenneth Farmer in the arm. At this point, defendant and Stephens fled. Later that day, however, defendant and Stephens returned to the Wright house. Upon their return, Stephens shot and killed Michael Jones while defendant shot at June Bates, injuring her in the back and arm.
At trial, the jury found defendant guilty of three counts of first degree murder and two counts of assault with intent to kill inflicting serious bodily injury. Following a capital sentencing hearing, defendant was sentenced to death for the murders of Antwon Jenkins and Michael Jones, but received a life sentence without parole for the murder of Lynn Wright. Subsequently, the Supreme Court granted defendant a new trial. See State v. Barrow, 350 N.C. 640, 517 S.E.2d 374 (1999).
At the new trial, defendant was again found guilty of the first degree murder of Lynn Wright and was sentenced to life imprisonment without parole. Defendant was also found guilty of the first degree murder of Antwon Jenkins on the basis of both premeditation and deliberation and the felony murder rule. With respect to Michael Jones, defendant was found guilty of first degree murder under the felony murder rule only; the underlyingfelony was the murder of Lynn Wright. After the capital sentencing hearing, the jury declined to sentence defendant to death. Accordingly, the trial court imposed three consecutive life sentences without parole.
In his sole assignment of error, defendant contends that the trial court erred in sentencing him for the murder of Lynn Wright when this offense was the underlying felony for defendant's felony murder conviction. Defendant argues that since the felony conviction merges with the murder conviction, he could not be convicted and sentenced for both the murders of Michael Jones and Lynn Wright. We agree.
In State v. Goldston, 343 N.C. 501, 471 S.E.2d 412 (1996), the defendant killed a clerk in a store. At trial, the defendant was found guilty of attempted armed robbery and of felony murder based on the attempted armed robbery. The trial court consolidated the attempted armed robbery and murder convictions for sentencing and imposed a life sentence. On appeal, our Supreme Court stated the applicable rule:
The felony upon which the first-degree murder conviction was based in this case was the attempted robbery with a firearm. The jury did not convict the defendant based on premeditation and deliberation, and the attempted robbery conviction merged into the felony murder conviction. Therefore, judgment should have been arrested on the attempted robbery with a firearm conviction.
Id. at 504, 471 S.E.2d at 414. See also State v. Millsaps, 356 N.C. 556, 560, 572 S.E.2d 767, 770 (2002) ("When a defendant is convicted of felony murder only, the underlying felony constitutesan element of first-degree murder and merges into the murder conviction.").
The rule stated in Goldston was also applied by this Court in State v. Dudley, 151 N.C. App. 711, 716, 566 S.E.2d 843, 847 (2002), disc. review denied, 356 N.C. 684, 578 S.E.2d 314 (2003), on the Court's own initiative "to prevent manifest injustice." We held: "[I]f the State secures an indictment for the underlying felony and a defendant is convicted of both the underlying felony and felony murder, the defendant will only be sentenced for the murder. The underlying felony must be arrested under the merger rule." Id.
Goldston and Dudley direct that the judgment and sentence entered for the murder of Lynn Wright must be arrested. Because defendant does not raise any other assignment of error, we find no error as to the other convictions entered in this case.
Judgment and sentence arrested as to 95 CRS 794.
No error as to 95 CRS 792, 95 CRS 795, 95 CRS 796 and 95 CRS 2854.
Judges LEVINSON and THORNBURG concur.
Report per Rule 30(e).