STATE OF NORTH CAROLINA v. JAMES LEWIS MILLSAPS

No. 210A01

(Filed 20 December 2002)

**Homicide— first-degree murder—felony murder—premeditation and deliberation—failure to submit second-degree murder—premeditation and deliberation convictions vacated—resentencing for one felony murder**

In a capital trial wherein defendant was found guilty of two counts of first-degree murder based on premeditation and deliberation and felony murder of each victim, with the murder of the other victim as the underlying felony, and defendant was sentenced to death for each murder, the trial court erred by failing to instruct on second-degree murder as a lesser offense included within premeditated and deliberate murder, and defendant's convictions based on premeditated and deliberate murders must be vacated. Accordingly, defendant's convictions for first-degree murder are validly based only on felony murder, the murder providing the underlying felony in each case constitutes an element of that murder and merges into that murder conviction, judgment must be arrested on one of the murders, and defendant is awarded a new sentencing hearing at which only one felony murder will be submitted and the (e)(5) aggravating circumstance, that the murder was committed while defendant was engaged in the commission of any homicide, may not be considered. N.C.G.S. § 15A-2000(e)(5).

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from judgments imposing sentences of death entered by DeRamus, J., on 22 November 2000 in Superior Court, Wilkes County, upon jury verdicts finding defendant guilty of two counts of first-degree murder. Heard in the Supreme Court 11 September 2002.

STATE v. MILLSAPS

[356 N.C. 556 (2002)]

*Roy Cooper, Attorney General, by William B. Crumpler, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Anne M. Gomez, Assistant Appellate Defender, for defendant-appellant.*

PARKER, Justice.

Defendant James Lewis Millsaps was indicted on 31 January 2000 for the first-degree murder of Rhoda Rousseau and of Lenna Lewis. He was tried capitally and was found guilty of first-degree murder on both counts based on premeditation and deliberation and felony murder of each victim, with the murder of the other victim as the underlying felony. Following a capital sentencing proceeding, the jury recommended that defendant be sentenced to death for each murder, and the trial court entered judgment accordingly.

The State's evidence tended to show that about 9:00 a.m. on 13 January 2000, Lenna Lewis and Rhoda Rousseau went to the home of their brother, Harold Harris, and his wife, Elizabeth, on Camp Joe Harris Road in Wilkes County. Harold, an elderly man with a history of debilitating health problems, had recently been discharged from the Veterans Administration Hospital and required substantial daily care from his family. With the help of Harold's sisters and defendant, Elizabeth tended to Harold's daily needs, such as bathing him, feeding him, transferring him from the bed to his wheelchair, changing his clothes, and administering his medications. However, as the demands of tending to Harold grew more taxing on the family, tension among family members became more palpable.

When defendant arrived at the Harris home shortly after the sisters had arrived, he helped move Harold from his bed to a wheelchair. Although defendant was Elizabeth's great-nephew, he had been raised by Harold and Elizabeth as a son since childhood.

At approximately 10:00 a.m., as members of the family started cleaning up from breakfast, defendant and Lenna went to her car for some trash bags. At the same time, Rhoda's daughter, Martenia Haley, who lived near the Harrises, heard Lenna exclaim in a frightened tone, "Don't. Please don't." Martenia then heard two gunshots. Elizabeth also heard a gunshot and went outside where she observed Lenna lying on the ground. When Elizabeth turned Lenna over, blood spewed onto Elizabeth's clothes. Elizabeth began screaming and ran to neighbors' homes seeking help. Martenia arrived at the Harris residence about two minutes after hearing the gunshots and observed

Lenna lying on the ground in the yard. Defendant told Martenia that Rhoda was all right and that he had already called 911. As defendant stood three or four feet away from Martenia, he pointed the handgun at her and said, "I ought to shoot you too."

Martenia's granddaughter, Kimberly Gibbs, also arrived at the scene shortly thereafter and was told by Elizabeth to check on Rhoda. Kimberly went into the house where she saw Harold sitting in his wheelchair. Harold was crying, and he told Kimberly that Rhoda had been shot and was lying on the other side of the kitchen counter. Kimberly then saw Rhoda lying on the kitchen floor; she was suffering from injuries to her hand and chest. The telephone receiver was lying on the kitchen counter. Kimberly called 911, told the dispatcher to send an ambulance, and reported that defendant had shot her great-grandmother. In the emergency room at Wilkes County Regional Medical Center, Rhoda was conscious; and she stated that defendant was responsible for the shooting. Rhoda's injuries required that she be transported to Wake Forest University Baptist Medical Center, where she died from the gunshot wounds. An autopsy performed on 21 January 2000 revealed a wound track indicating that the bullet first entered Rhoda's right wrist, continued through her wrist, and then passed through her right breast before lodging in her left back under the skin.

Saundra Brooks, the first EMT responder at the scene, determined that Lenna was already dead when she arrived. An autopsy was performed on 14 January 2000 and revealed three bullet wound tracks. Two bullets entered Lenna's back on the left side and exited the front portion of her neck. The bullet for the third track entered the left side of the victim's chest near her breast, crossed her body, and lodged under the skin on her right side. Lenna's death resulted from these wounds. The State Bureau of Investigation laboratory concluded that the bullets retrieved from both autopsies were fired from defendant's nine-millimeter semiautomatic pistol.

Dr. George Corvin, a forensic psychiatrist, testified for defendant. Based on his interviews with and testing of defendant, Dr. Corvin was of the opinion that defendant suffered from delusions of a prosecutory nature. Dr. Corvin testified that defendant's psychosis would have grossly impaired his ability to plan purposefully and intentionally with a full understanding of the nature and consequences of his acts and that defendant's ability to form the specific intent to kill was absent on that day.

STATE v. MILLSAPS

[356 N.C. 556 (2002)]

On appeal defendant contends that his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution; Article I, Sections 19, 23, 24, and 27 of the North Carolina Constitution; and North Carolina common law were violated in that the trial court (i) erred in failing to submit second-degree murder as a possible verdict to the jury; (ii) erred in submitting two first-degree murder convictions for the jury's consideration at sentencing; and (iii) erred in submitting the (e)(5) aggravating circumstance, *see* N.C.G.S. § 15A-2000(e)(5) (2001) (that the murder was committed while the defendant was engaged in the commission of any homicide). Defendant notes that the testimony of Dr. Corvin supported the submission of second-degree murder and further notes that the trial court stated that if it were charging on premeditation and deliberation only, it would submit and instruct on the lesser-included offense of second-degree murder. Defendant also urges that as a consequence of the trial court's error in failing to submit second-degree murder, the first-degree murder convictions premised on premeditation and deliberation are invalid. Accordingly, defendant's convictions for first-degree murder are based solely on felony murder; hence, the murder providing the underlying felony in each case becomes an element of that murder and merges with that murder conviction, thereby entitling defendant to a new sentencing hearing at which he is sentenced for only one first-degree murder conviction based on felony murder, and the State is precluded from using the other murder conviction to support the (e)(5) aggravating circumstance.

The State acknowledges that if the trial court's failure to submit second-degree murder was error, then defendant's merger analysis under felony murder is correct. However, the State vigorously contends that the trial court's refusal to submit second-degree murder was not error. The State further urges that if this Court concludes that the failure to submit second-degree murder was error, then the remedy should be that defendant be given a new trial on first-degree premeditated and deliberate murder only at which the State would again have the opportunity to prove premeditation and deliberation, which if found by the jury would enable the State to have the (e)(5) aggravating circumstance submitted to the jury during the sentencing proceeding.

Based on these contentions, the issues before the Court as to these assignments of error are (i) whether the trial court committed error by failing to submit second-degree murder; and (ii) if so, what remedy is appropriate.

At the outset we note certain well-settled principles applicable to first-degree murder. The crime is first-degree murder. Premeditation and deliberation and felony murder are theories which the State may use, pursuant to N.C.G.S. § 14-17, to convict a defendant of first-degree murder. However, a defendant is convicted of the crime, not of the theory. *State v. Thomas*, 325 N.C. 583, 593, 386 S.E.2d 555, 561 (1989). When a defendant is convicted of felony murder only, the underlying felony constitutes an element of first-degree murder and merges into the murder conviction. *State v. Silhan*, 302 N.C. 223, 262, 275 S.E.2d 450, 477 (1981), *overruled on other grounds by State v. Sanderson*, 346 N.C. 669, 488 S.E.2d 133 (1997). Consequently, if a defendant is convicted only of first-degree felony murder, the underlying felony cannot be used as an aggravating circumstance at the sentencing proceeding, *State v. Cherry*, 298 N.C. 86, 113, 257 S.E.2d 551, 567-68 (1979), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 796 (1980); nor if convicted of the underlying felony can a defendant be sentenced separately for that felony, *State v. Wilson*, 345 N.C. 119, 122, 478 S.E.2d 507, 510 (1996). However, if a defendant is convicted of first-degree murder on the basis of both premeditation and deliberation and felony murder, then premeditated and deliberate murder alone supports the conviction; the underlying felony for felony murder can be used as an aggravating circumstance at sentencing, *State v. Silhan*, 302 N.C. at 262, 275 S.E.2d at 478 (relying on *State v. Goodman*, 298 N.C. 1, 257 S.E.2d 569 (1979)); and the defendant can receive separate sentences for both the first-degree murder conviction and the conviction, if any, for the underlying felony supporting felony murder. *State v. Wilson*, 345 N.C. at 122, 478 S.E.2d at 510.

The frequently quoted standard for deciding whether the trial court must instruct on and submit second-degree murder as a lesser-included offense of first-degree murder is as follows:

The determinative factor is what the State's evidence tends to prove. If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense of murder in the first degree, including premeditation and deliberation, and there is *no* evidence to negate these elements other than defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of second degree murder.

*State v. Strickland*, 307 N.C. 274, 293, 298 S.E.2d 645, 658 (1983), *overruled in part on other grounds by State v. Johnson*, 317 N.C.

193, 344 S.E.2d 775 (1986). An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater. *State v. Conaway,* 339 N.C. 487, 514, 453 S.E.2d 824, 841, *cert. denied,* 516 U.S. 884, 133 L. Ed. 2d 153 (1995). In *State v. Warren,* the Court said:

> "It is a well established rule that when the law and evidence justify the use of the felony-murder rule, then the State is not required to prove premeditation and deliberation, and neither is the court required to submit to the jury second-degree murder or manslaughter unless there is evidence to support it."

292 N.C. 235, 242, 232 S.E.2d 419, 423 (1977) (quoting *State v. Swift,* 290 N.C. 383, 407, 226 S.E.2d 652, 669 (1976)), *quoted in State v. Wall,* 304 N.C. 609, 620, 286 S.E.2d 68, 75 (1982).

The application of this standard appears to have resulted in divergent lines of cases in the context of felony murder. In one group of cases, the Court has simply found that, applying the applicable evidentiary standard, the evidence did not support submission of a lesser-included offense. *See, e.g., State v. Williams,* 343 N.C. 345, 471 S.E.2d 379 (1996), *cert. denied,* 519 U.S. 1061, 136 L. Ed. 2d 618 (1997); *State v. Robinson,* 342 N.C. 74, 463 S.E.2d 218 (1995), *cert. denied,* 517 U.S. 1197, 134 L. Ed. 2d 793 (1996); *State v. Frye,* 341 N.C. 470, 461 S.E.2d 664 (1995), *cert. denied,* 517 U.S. 1123, 134 L. Ed. 2d 526 (1996); *State v. Zuniga,* 320 N.C. 233, 357 S.E.2d 898, *cert. denied,* 484 U.S. 959, 98 L. Ed. 2d 384 (1987). Another group of cases suggests that if any evidence is presented to negate first-degree murder, then the jury must be instructed on the lesser-included offenses supported by the evidence. *See, e.g., State v. Phipps,* 331 N.C. 427, 418 S.E.2d 178 (1992); *State v. Thomas,* 325 N.C. 583, 386 S.E.2d 555; *State v. Williams,* 284 N.C. 67, 199 S.E.2d 409 (1973). Yet another group of cases holds or suggests *in dicta* that if the evidence supports a conviction based on felony murder, the failure to instruct on second-degree murder is not error or not prejudicial error. *See, e.g., State v. Wilson,* 354 N.C. 493, 556 S.E.2d 272 (2001); *State v. Robinson,* 342 N.C. 74, 463 S.E.2d 218; *State v. Quick,* 329 N.C. 1, 405 S.E.2d 179 (1991); *State v. Vines,* 317 N.C. 242, 345 S.E.2d 169 (1986); *State v. Wall,* 304 N.C. 609, 286 S.E.2d 68; *State v. Covington,* 290 N.C. 313, 226 S.E.2d 629 (1976).

We begin our discussion by examining some of these cases. In *State v. Thomas,* 325 N.C. 583, 386 S.E.2d 555, the defendant was

indicted for first-degree murder and was tried on the basis of felony murder only with the underlying felony being the discharging of a firearm into an occupied structure in violation of N.C.G.S. § 14-34.1. The Court held that the failure to instruct on involuntary manslaughter was error. The Court stated:

Under North Carolina and federal law a lesser included offense instruction is required if the evidence "would permit a jury rationally to find [defendant] guilty of the lesser offense and acquit him of the greater." *Strickland*, 307 N.C. at 286, 298 S.E.2d at 654, quoting *Beck v. Alabama*, 447 U.S. 625, 635, 65 L. Ed. 2d 392, 401 (1980). The test is whether there "is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). Where the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element, no instruction on a lesser included offense is required. *State v. Peacock*, 313 N.C. 554, 330 S.E.2d 190 (1985).

It is well settled that "a defendant is entitled to have all lesser degrees of offenses supported by the evidence submitted to the jury as possible alternative verdicts." *State v. Palmer*, 293 N.C. 633, 643-44, 239 S.E.2d 406, 413 (1977). On the other hand, the trial court need not submit lesser included degrees of a crime to the jury "when the State's evidence is positive as to each and every element of the crime charged *and there is no conflicting evidence relating to any element of the charged crime.*"

*State v. Drumgold*, 297 N.C. 267, 271, 254 S.E.2d 531, 533 (1979), quoting *State v. Harvey*, 281 N.C. 1, 13-14, 187 S.E.2d 706, 714 (1972) (emphasis in original). Such conflicts may arise from evidence introduced by the State, *State v. Hicks*, 241 N.C. 156, 84 S.E.2d 545 (1954), or the defendant. They may arise when only the State has introduced evidence. *Peacock*, 313 N.C. 554, 330 S.E.2d 190; *Williams*, 284 N.C. 67, 199 S.E.2d 409.

*State v. Thomas*, 325 N.C. at 594, 386 S.E.2d at 561 (alteration in original). The dissent acknowledged that the defendant could have been entitled to have the lesser-included offense submitted if the first-degree murder charge had been submitted on the basis of both premeditated and deliberate murder and felony murder. *Id.* at 601-02, 605-06, 386 S.E.2d at 565-66, 568 (Mitchell, J. (later C.J.), dissenting).

In *State v. Quick*, 329 N.C. 1, 405 S.E.2d 179, the defendant was found guilty of first-degree murder on the basis of premeditation and deliberation and felony murder and was also convicted of robbery with a dangerous weapon. Following the jury's recommendation, the trial court sentenced the defendant to death for the first-degree murder conviction; the trial court also arrested judgment on the armed robbery conviction. On appeal the defendant contended that he was entitled to a new trial in that the trial court erred by failing to instruct on second-degree murder. Addressing this issue, the Court quoted the applicable standard from *State v. Strickland*, 307 N.C. 274, 298 S.E.2d 645; noted that evidence from a State's witness tended to show absence of premeditation and deliberation; held that the assignment of error was without merit; and found no prejudicial error in the guilt-innocence phase of the defendant's trial, but awarded the defendant a new sentencing hearing for error under *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). The Court stated, " '[W]here the law and the evidence justify the use of the felony murder rule, the State is not required to prove premeditation and deliberation . . . .' " *State v. Quick*, 329 N.C. at 28, 405 S.E.2d at 196 (quoting *State v. Rinck*, 303 N.C. 551, 565, 280 S.E.2d 912, 923 (1981)) (second alteration in original). The Court then noted that in *Quick*, as in *State v. Covington*, 290 N.C. 313, 226 S.E.2d 629,

> [a]ll of the evidence tended to show that the murder of [the victim] was perpetrated during the course of an armed robbery. Such a killing is murder in the first degree and the trial judge was therefore not required to submit lesser included offenses to the jury for its consideration.

> [*State v. Covington*, 290 N.C.] at 346, 226 S.E.2d at 651. Stated another way, "[t]here is no evidence that decedent was killed other than in the course of the commission of the felony" of armed robbery. *State v. Rinck*, 303 N.C. at 565, 280 S.E.2d at 923.

*State v. Quick*, 329 N.C. at 28-29, 405 S.E.2d at 196 (first, second, and fourth alterations in original).

The next case to address the issue was *State v. Phipps*, 331 N.C. 427, 418 S.E.2d 178, in which the defendant was convicted of first-degree murder on the basis of both premeditation and deliberation and felony murder with robbery with a dangerous weapon as the underlying felony for which the defendant was also convicted. Upon the jury's recommendation, the trial court sentenced the defendant to

life imprisonment for the first-degree murder conviction and also sentenced him for the robbery with a dangerous weapon conviction. On appeal this Court stated that "the jury could have concluded that defendant killed the victim with malice but without the premeditation and deliberation necessary for first-degree murder. It therefore was error for the trial court to refuse to instruct on second-degree murder." *Id.* at 459, 418 S.E.2d at 195. The Court held, however, that the defendant was not entitled to a new trial in that the jury based its verdict on both premeditation and deliberation and felony murder; and the conviction under the felony murder rule was without error. *Id.* The Court arrested judgment on the underlying felony. The dissent concluded that the defendant's evidence was insufficient to negate premeditation and deliberation. *Id.* at 461, 418 S.E.2d at 196-97 (Meyer, J., dissenting).

Most recently in *State v. Wilson*, 354 N.C. 493, 556 S.E.2d 272, the defendant was convicted of two counts of first-degree murder on the basis of both premeditation and deliberation and felony murder and was also convicted of robbery with a firearm and conspiracy to commit robbery with a firearm. The jury recommended life imprisonment for the murder convictions; and the trial court sentenced defendant to two consecutive sentences of life imprisonment, to forty years' imprisonment for the robbery with a firearm conviction, and to ten years' imprisonment for the conspiracy to commit robbery with a firearm conviction. On defendant's appeal this Court did not determine whether the failure to instruct on second-degree murder was in fact error; but, relying on *State v. Quick*, 329 N.C. 1, 405 S.E.2d 179, the Court concluded that if it be assumed *arguendo* that the evidence was sufficient to permit a jury rationally to determine that the defendant acted without premeditation and deliberation, defendant would be entitled to a second-degree murder instruction "only if evidence also tended to show that the murder was not committed in the course of the commission of a felony." *State v. Wilson*, 354 N.C. at 506, 556 S.E.2d at 281. After determining that the evidence would not permit a finding that the murder was not committed in the course of the commission of a felony, the Court concluded that "the trial court properly refused to instruct the jury on second-degree murder as a lesser-included offense to first-degree murder." *Id.* at 508, 556 S.E.2d at 282; *see also State v. Robinson*, 342 N.C. 74, 463 S.E.2d 218 (holding, where the defendant had been sentenced to death, that the evidence was insufficient to constitute affirmative evidence tending to negate premeditation and deliberation, but noting, with citation to *State v. Phipps*, 331 N.C. 427, 418 S.E.2d 178, that even assuming

*arguendo* that the evidence was sufficient to negate premeditation and deliberation, the defendant was not prejudiced by the trial court's failure to instruct on second-degree murder in that the jury also found the defendant guilty of first-degree murder based on felony murder and the defendant would not be entitled to a new trial).

Our examination of the above-cited cases discloses that the following principles have evolved in our first-degree felony murder jurisprudence: (i) If the evidence of the underlying felony supporting felony murder is in conflict and the evidence would support a lesser-included offense of first-degree murder, the trial court must instruct on all lesser-included offenses supported by the evidence whether the State tries the case on both premeditation and deliberation and felony murder or only on felony murder. *State v. Thomas*, 325 N.C. 583, 386 S.E.2d 555. (ii) If the State tries the case on both premeditation and deliberation and felony murder and the evidence supports not only first-degree premeditated and deliberate murder but also second-degree murder, or another lesser offense included within premeditated and deliberate murder, the trial court must submit the lesser-included offenses within premeditated and deliberate murder irrespective of whether all the evidence would support felony murder. *State v. Phipps*, 331 N.C. 427, 418 S.E.2d 178; *State v. Wall*, 304 N.C. 609, 286 S.E.2d 68; *see also State v. Vines*, 317 N.C. 242, 345 S.E.2d 169 (holding that the failure to submit second-degree murder and involuntary manslaughter was not prejudicial error where the trial court submitted premeditation and deliberation, voluntary manslaughter, and felony murder; and the jury did not find premeditation and deliberation). (iii) If the evidence as to the underlying felony supporting felony murder is not in conflict and all the evidence supports felony murder, the trial court is not required to instruct on the lesser offenses included within premeditated and deliberate murder if the case is submitted on felony murder only. *See State v. Covington*, 290 N.C. 313, 226 S.E.2d 629.

In the present case the State concedes that defendant's evidence supported submission of second-degree murder. However, relying on *State v. Quick*, 329 N.C. 1, 405 S.E.2d 179, and *State v. Wilson*, 354 N.C. 493, 556 S.E.2d 272, the State argues that, notwithstanding this evidence, the trial court's failure to instruct on second-degree murder was not error in that the evidence would not permit a rational juror to find that defendant did not commit felony murder. The State's position is that irrespective of whether the jury found that defendant committed first-degree premeditated and deliberate murder or

second-degree murder, it would still have found felony murder; and defendant would thus be guilty of first-degree murder.

The critical issue, however, is not whether the jury would have found felony murder, but rather whether defendant adduced any evidence negating premeditation and deliberation; if so, the trial court must instruct on the lesser-included offenses supported by the evidence. *See State v. Strickland*, 307 N.C. at 293, 298 S.E.2d at 658. While the State may rely on the felony murder rule to support a conviction for first-degree murder and is not required to submit premeditated and deliberate murder to prove first-degree murder, if the trial court instructs on premeditated and deliberate murder, it must instruct on all lesser-included offenses within premeditated and deliberate murder supported by the evidence. *See State v. Wall*, 304 N.C. at 620, 286 S.E.2d at 75.

In its brief the State emphasizes *State v. Wilson*, 354 N.C. 493, 556 S.E.2d 272, and argues that *State v. Phipps*, 331 N.C. 427, 418 S.E.2d 178, is distinguishable on the evidentiary strength of the felony for felony murder. However, from our review of these two cases, we find nothing suggesting that the evidentiary strength of the felony murder in one is stronger than in the other. In *Phipps* the Court held that "the jury could have concluded that defendant killed the victim with malice but without the premeditation and deliberation necessary for first-degree murder. It therefore was error for the trial court to refuse to instruct on second-degree murder." *State v. Phipps*, 331 N.C. at 459, 418 S.E.2d at 195. The Court then stated that the defendant was not entitled to a new trial because "the jury based its verdict on both premeditation and deliberation and the felony murder rule. Defendant's first-degree murder conviction under the felony murder rule is without error and is therefore upheld." *Id.* In *Phipps* no evidence suggested that the murder was committed other than in the perpetration of robbery with a dangerous weapon. Nothing in the opinion suggests that the defendant even challenged the robbery with a dangerous weapon conviction. In *Wilson* the defendant was attempting to commit armed robbery at the time of the murder. The defendant's contention was that he had abandoned the plan to commit armed robbery at the time his codefendant committed the robbery, and the defendant therefore could not be convicted of the crime. The Court noted the evidence demonstrating that the defendant had not abandoned the plan and was thus guilty of armed robbery by acting in concert.

The State does not attempt to distinguish *State v. Phipps*, 331 N.C. 427, 418 S.E.2d 178, and *State v. Quick*, 329 N.C. 1, 405 S.E.2d 179. Indeed, the two cases do not appear to be distinguishable. In both cases the defendant was convicted of premeditated and deliberate murder and felony murder with robbery with a dangerous weapon as the underlying felony, and in both cases the Court concluded that the evidence in the record negated premeditation and deliberation. In both cases the Court upheld the first-degree murder conviction based on felony murder. In *Phipps* the Court held the failure to instruct on second-degree murder to be error, though not error entitling defendant to a new trial, and arrested judgment on the robbery with a dangerous weapon conviction. In *Quick* the Court made no determination as to whether the failure to instruct on second-degree murder was error but merely held the assignment of error, that defendant was entitled to a new trial for the trial court's failure to instruct on second-degree murder, to be without merit. In this regard, to the extent the Court's statements in *Wilson* state that the Court in *Quick* indicated that the "trial court properly refused to instruct on second-degree murder," *State v. Wilson*, 354 N.C. at 506, 556 S.E.2d at 281, those statements are disavowed. Given the lack of evidence negating premeditation and deliberation in *Wilson*, we do not deem that case to be controlling in the present case.[1]

Based on the foregoing, we find merit in defendant's argument and hold that, given the evidence in this record, the trial court erred in failing to instruct on second-degree murder as a lesser offense included within premeditated and deliberate murder. Although a defendant is convicted of the crime of first-degree murder, not a theory, where the trial court instructs on both premeditated and deliberate murder and felony murder and where the evidence is sufficient to support submission of a lesser offense included within premeditated and deliberate murder, the trial court must instruct on the lesser-included offense. The State cannot have the benefit of a finding of premeditated and deliberate murder which the jury may or may not have found had it been properly instructed. Without a finding of premeditated and deliberate murder by the jury, defendant could have been sentenced only for a first-degree felony murder conviction. Defendant could not have been sentenced separately for the underly-

---

1. In *Wilson* the defendant testified that he did not consider running away when the clerk pulled a gun during the robbery attempt. Defendant further stated: "[W]henever I saw the gun, I was going to shoot back." Moreover, defendant shot at the clerk, and after the clerk ducked behind the counter, shot at the clerk again when the clerk reappeared. *State v. Wilson*, 354 N.C. at 501-02, 556 S.E.2d at 279.

ing felony, *State v. Wilson*, 345 N.C. at 122, 478 S.E.2d at 510; and the underlying felony could not have been used as evidence to support an aggravating circumstance, *State v. Cherry*, 298 N.C. at 113, 257 S.E.2d at 567-68. Inasmuch as this error affected the capital sentencing proceeding including the submission of the (e)(5) aggravating circumstance, we further conclude that the trial court's error in failing to instruct on the lesser offenses included within premeditated and deliberate murder was prejudicial. *See State v. Irwin*, 304 N.C. 93, 107, 282 S.E.2d 439, 449 (1981) (holding that if a reasonable possibility exists that the erroneous submission of an aggravating circumstance tipped the scales in the jury's determination that the aggravating circumstances were "sufficiently substantial" to justify imposition of the death sentence, the test for prejudicial error has been met). Accordingly, we must now decide the appropriate remedy for this error.

Defendant contends that his first-degree murder convictions are validly based only on felony murder and that under *State v. Phipps*, 331 N.C. 427, 418 S.E.2d 178, the proper remedy is for the Court to arrest judgment on one of the murders and award defendant a new sentencing hearing at which only one murder conviction would be submitted and the (e)(5) aggravating circumstance, that the murder was committed while the defendant was engaged in the commission of any homicide, could not be considered. The State argues that since the evidence was sufficient to submit premeditated and deliberate murder and since defendant does not contest his first-degree murder convictions based on felony murder, the Court should grant a new trial on the issue of premeditated and deliberate murder only so that if the new jury finds defendant guilty based on premeditation and deliberation, the State can have the (e)(5) aggravating circumstance submitted at the sentencing proceeding. In support of its position, the State argues that this error is an instructional error, thereby making this case distinguishable from *State v. Reese*, 319 N.C. 110, 353 S.E.2d 352 (1987), *overruled on other grounds by State v. Barnes*, 345 N.C. 184, 481 S.E.2d 44, *cert. denied*, 522 U.S. 876, 139 L. Ed. 2d 134 (1997), *and cert. denied*, 523 U.S. 1024, 140 L. Ed. 2d 473 (1998), in which the Court, holding that the evidence was insufficient to support submission of premeditated and deliberate murder and that the underlying felony merged with the murder for purposes of felony murder and could not be used as an aggravating circumstance, awarded the defendant a new sentencing hearing.

Although a life case, this Court's discussion in *State v. Blankenship*, 337 N.C. 543, 447 S.E.2d 727 (1994), *overruled on other grounds by State v. Barnes*, 345 N.C. 184, 481 S.E.2d 44, is instructive. In *Blankenship* the Court stated:

> Ordinarily a trial error committed in jury instructions would warrant a new trial on the issue affected by the instructions. Defendant, however, has been properly convicted of first-degree murders on a felony-murder theory. "Premeditation and deliberation is one theory by which one may be convicted of first-degree murder; felony murder is another such theory. Criminal defendants are not convicted or acquitted of theories; they are convicted or acquitted of crimes." *State v. Thomas*, 325 N.C. 583, 593, 386 S.E.2d 555, 560-61 (1989). Because defendant has been duly convicted of first-degree murders on a theory unaffected by the instructional error, we think it unnecessary, if not a violation of constitutional double jeopardy, to retry defendant for the same murders on the theory which was affected by the instructional error.

> The result is that the two verdicts against defendant for first-degree murder on the theory of felony murder are without error and are left undisturbed. Because we are sustaining defendant's convictions of first-degree murder only on a felony-murder theory, with kidnapping as the underlying felony, the kidnapping convictions merge with the murder convictions; and defendant may not be separately sentenced for kidnapping. *State v. Gardner*, 315 N.C. 444, 450-60, 340 S.E.2d 701, 706-12 (1986); *State v. Silhan*, 302 N.C. 223, 261-62, 275 S.E.2d 450, 477 (1981). Accordingly, we arrest judgment on defendant's two convictions for kidnapping.

*State v. Blakenship*, 337 N.C. at 563, 447 S.E.2d at 739 (footnote omitted); *cf. State v. Wilson*, 345 N.C. 119, 478 S.E.2d 507 (vacating verdicts based on premeditated and deliberate murder where the trial court did not instruct on acting in concert and the evidence would not support premeditated and deliberate murder as to the defendant's actions alone and arresting judgment on the underlying felony of robbery with a firearm supporting the defendant's convictions based on felony murder).

In *Blankenship* the Court observed in a footnote that the defendant did not seek a new trial on the murder charge but asked that the verdict of guilty based on premeditation and deliberation be set

aside. *State v. Blankenship*, 337 N.C. at 563 n.2, 447 S.E.2d at 739 n.2. Similarly, in this case defendant does not challenge his convictions based on felony murder but challenges only the convictions premised on premeditated and deliberate murder. Our research discloses. no case, and the State has cited the Court to none, where the defendant has been convicted of first-degree murder on both theories and this Court upon a finding of error only in the defendant's conviction for premeditated and deliberate murder has ordered a new trial. The Court has consistently upheld the first-degree felony murder conviction, arrested judgment on the underlying felony, and either let the life sentence stand or awarded a new sentencing hearing. *State v. Wilson*, 345 N.C. 119, 478 S.E.2d 507; *State v. Blankenship*, 337 N.C. 543, 447 S.E.2d 727; *State v. Phipps*, 331 N.C. 427, 418 S.E.2d 178; *State v. Reese*, 319 N.C. 110, 353 S.E.2d 352. On this point we note that in *State v. Quick*, 329 N.C. 1, 405 S.E.2d 179, the trial court had arrested judgment on the robbery with a dangerous weapon conviction which was the underlying felony for felony murder, and the record reflects that this conviction was not used to support an aggravating circumstance at sentencing; this Court awarded a new sentencing hearing based on error under *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369.

Consistent with our prior holdings, we conclude that defendant's first-degree murder convictions based on premeditated and deliberate murder should be vacated. Defendant has not challenged his felony murder convictions, and they remain undisturbed; but for sentencing purposes the felony murder conviction for the death of Lenna Lewis in case number 00CRS334 merges into defendant's felony murder conviction for the death of Rhoda Rousseau in case number 00CRS559; judgment for the felony murder conviction in case number 00CRS334 is arrested; and defendant is awarded a new capital sentencing proceeding in case number 00CRS559.

Inasmuch as defendant's convictions for felony murder are upheld, the Court deems it unnecessary to address defendant's remaining assignments of error.

No. 00CRS334, CONVICTION OF FIRST-DEGREE MURDER ON BASIS OF PREMEDITATION AND DELIBERATION VACATED; NO ERROR IN CONVICTION OF FIRST-DEGREE MURDER ON BASIS OF FELONY MURDER; FIRST-DEGREE FELONY MURDER— JUDGMENT ARRESTED.

**LIBERTY MUT. INS. CO. v. PENNINGTON**

[356 N.C. 571 (2002)]

No. 00CRS559, CONVICTION OF FIRST-DEGREE MURDER ON BASIS OF PREMEDITATION AND DELIBERATION VACATED; NO ERROR IN CONVICTION OF FIRST-DEGREE MURDER ON BASIS OF FELONY MURDER; FIRST-DEGREE FELONY MURDER—JUDGMENT VACATED AND REMANDED FOR NEW CAPITAL SENTENCING PROCEEDING.