STATE OF NORTH CAROLINA,
v.
TREVELL ANDREW GRIER, Defendant.
No. COA09-359.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Attorney General Roy A. Cooper, III by Assistant Attorney General Brian R. Berman, for the State.
Mary McCullers Reece, for defendant-appellant.
STROUD, Judge.
Defendant was convicted by a jury of assault by strangulation. Defendant appeals, arguing that "the trial court committed plain error in failing to submit the lesser included offense of simple assault to the jury[.]" For the following reasons, we find no error.

I. Background
The State's evidence tended to show that defendant and Ms. Verdellis McMurtry had a daughter together and resided across the street from one another. On 19 October 2006, defendant and his mother were keeping the child. Defendant came to Ms. McMurtry's home, but she refused to open the door. Defendant then went and got their daughter, and at this point Ms. McMurtry opened the door to allow her daughter inside her home. Defendant followed their daughter inside and Ms. McMurtry ran to call the police. Defendant pulled Ms. McMurtry out of her pajama pants. Defendant and Ms. McMurtry began arguing. Ms. McMurtry attempted to call the police, but defendant "yanked the phone and the cord out of the wall and wrapped it around [her] neck[.]" Ms. McMurtry had a difficult time breathing and was about to go limp, but then defendant let her go. Ms. McMurtry ran "next door to call the police[.]" Defendant ran but was apprehended by the police. Ms. McMurtry testified that the incident caused "two holes in [her] neck. The side of her face was swollen because of . . . [defendant] pulling and tightening the cord around [her] neck . . . [and] defendant banged her "head into the wall."
On or about 23 June 2008, defendant was indicted for assault by strangulation. On 12 November 2008, a jury found defendant guilty of assault by strangulation. Defendant received a suspended sentence and was placed on supervised probation for 36 months. Defendant appeals.

II. Assault by Strangulation
Defendant's only argument on appeal is that "the trial court committed plain error in failing to submit the lesser included offense of simple assault to the jury[.]" For the following reasons, we find no error.
Defendant's attorney failed to object at trial to the jury instructions as given, and thus defendant concedes that we review for plain error. "Plain error arises when the error is so basic, so prejudicial, so lacking in its elements that justice cannot have been done. Defendant, therefore, must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Wells, ___ N.C. App. ___, ___, 675 S.E.2d 85, 87 (2009) (citations, quotation marks, and brackets omitted).
It appears that our courts have never specifically addressed whether simple assault is a lesser included offense of assault by strangulation; however, we need not engage in that analysis as we conclude that the trial court did not err even if simple assault is a lesser included offense of assault by strangulation.
Under North Carolina and federal law a lesser included offense instruction is required if the evidence would permit a jury rationally to find defendant guilty of the lesser offense and acquit him of the greater. The test is whether there is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense. Where the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element, no instruction on a lesser included offense is required.

State v. Millsaps, 356 N.C. 556, 562, 572 S.E.2d 767, 772 (2002) (emphasis added) (citations, quotation marks, and brackets omitted). "The elements of assault by strangulation are defined by N.C. Gen. Stat. § 14-32.4(b): (1) an assault and (2) infliction of physical injury by strangulation." State v. Little, 188 N.C. App. 152, 157, 654 S.E.2d 760, 764 (2008) (citation and quotation marks omitted).
Here, the State's evidence showed that defendant "yanked the phone and the cord out of the wall and wrapped it around [Ms. McMurtry's] neck" until she had trouble breathing and almost went limp. In addition to Ms. McMurtry, the State's witnesses included three law enforcement officers. Officer William Cumbo testified that Ms. McMurtry told him she had been choked by defendant, and he observed injuries to her neck. Officer Jeffrey Rojas testified that he chased defendant and did not interact with Ms. McMurtry. Lieutenant Bart Stone testified that he went to the crime scene and saw scratches on Ms. McMurtry's neck. Defendant did not present any evidence. Thus, "the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element[.]" Millsaps at 562, 572 S.E.2d at 772. All of the evidence indicates that defendant strangled Ms. McMurtry with a phone cord and injured her. For this reason, "no instruction on a lesser included offense is required." Id. This argument is overruled.

III. Conclusion
Even if we assume, without deciding, that simple assault is a lesser included offense of assault by strangulation, because "the State's evidence [was] positive as to each element of the offense charged and there [was] no contradictory evidence relating to any element," no instruction on a lesser included offense [was] required." Id. Accordingly, we find no error.
NO ERROR.
Judges GEER and ERVIN concur.
Report per Rule 30(e).