An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

AN UNPUBLISHED OPINION OF THE NORTH CAROLINA COURT OF APPEALS DOES NOT CONSTITUTE CONTROLLING LEGAL AUTHORITY. CITATION IS DISFAVORED, BUT MAY BE PERMITTED IN ACCORDANCE WITH THE PROVISIONS OF RULE 30(E)(3) OF THE NORTH CAROLINA RULES OF APPELLATE PROCEDURE.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-638

Filed: 5 May 2015

Onslow County, Nos. 09 CRS 054843-44

STATE OF NORTH CAROLINA

v.

JARRELL DAMONT WILSON

Appeal by defendant by writ of *certiorari* from order entered 31 December 2012 by Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of Appeals 18 November 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Kimberly N. Callahan, for the State.*

> *Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.*

CALABRIA, Judge.

Jarrell Damont Wilson ("defendant") appeals by writ of *certiorari* from an order denying his motion for appropriate relief contending his convictions must be vacated. We affirm the court's order. However, we remand for resentencing, since judgment must be arrested on one of the counts of first degree felony murder pursuant to the merger doctrine.

<u>I. Background</u>

This is defendant's second appeal. Defendant's first appeal may be found at *State v. Wilson*, 217 N.C. App. 401, 720 S.E.2d 29 (2011) (unpublished). The facts of defendant's underlying offenses are as follows:

> On 17 July 2009, Wilson shot and killed Gabriel Ape and Christopher Watts. Prior to the shooting, Wilson had received threats from Watts and Ape. Further, Ape had demanded $60 from Wilson because Wilson broke Ape's friend's telephone. On the evening of the shooting, Watts and Ape approached Wilson in the parking lot outside a club while Wilson was in his car, banged loudly on the car window, and demanded $60 from Wilson. Ape then punched Wilson through an open window. Wilson drove away from Ape and Watts, but then stopped the car and exited with a gun. As the three met near Wilson's car, a friend of Wilson's attempted to intercede and give Ape the money he demanded. Ape refused the money and he and Watts rushed at Wilson; Wilson testified that Ape was wearing a set of brass knuckles. As Ape and Watts approached Wilson, Wilson fired his weapon once at each man. Watts and Ape died as a result of gunshot wounds inflicted by Wilson.
>
> The jury found Wilson guilty of two counts of first-degree

2

murder and two counts of second-degree murder. The trial court imposed two concurrent sentences of life imprisonment without parole for the first-degree murder convictions and arrested judgment on the second-degree murder convictions.

*Wilson*, 217 N.C. App. 401, 720 S.E.2d 29.

On 7 December 2012, defendant filed a *pro se* motion for appropriate relief ("MAR"), arguing that his second degree murder offenses were invalid as a matter of law because no indictments were ever issued for those offenses. Defendant also argued that his first degree murder offenses were also invalid because the trial court lacked jurisdiction in the absence of the indictments for the underlying felonies of second degree murder. Defendant further argued that both his trial and appellate counsel provided ineffective assistance. On 31 December 2012, the trial court entered an order denying defendant's MAR.

On 27 December 2013, defendant filed a petition for writ of *certiorari* with this Court, requesting review of the trial court's denial of his MAR. On 14 January 2014, this Court allowed Wilson's petition for *certiorari*, stating that "review shall be limited to the issue of whether the evidence at trial supported the trial court's entry of judgment on two counts of first-degree felony murder."

## II. State's Motion to Strike

As an initial matter, the State has filed a motion to strike the first argument of defendant's brief. Defendant argued that he must be granted a new trial because

the trial court violated his constitutional right to a unanimous jury verdict by accepting the jury's verdicts for both second degree and first degree murder for each homicide charge. Although defendant claims that he may make this argument "at any time," defendant fails to recognize that the scope of his appeal is limited to this Court's order allowing his writ of *certiorari*. This Court allowed *certiorari* to review "whether the evidence at trial supported the trial court's entry of judgment on two counts of first-degree felony murder[,]" not to determine the validity of any constitutional claims. This Court is without jurisdiction to review defendant's first argument. Therefore, we grant the State's motion to strike defendant's first argument.

### III. Felony Murder and Merger

Defendant alternately argues that the trial court's judgment must be arrested on one of his two counts of first degree felony murder pursuant to the felony murder merger rule. We agree.

"Whether to arrest judgment is a question of law, and questions of law are reviewed *de novo* on appeal." *State v. Curry*, 203 N.C. App. 375, 378, 692 S.E.2d 129, 134 (2010) (citation omitted). Pursuant to N.C. Gen. Stat. § 14-17(a) (2013), a murder "committed in the perpetration or attempted perpetration of any . . . other felony committed or attempted with the use of a deadly weapon shall be deemed to be murder in the first degree[.]" "When a defendant is convicted of felony murder only,

4

the underlying felony constitutes an element of first-degree murder and merges into the murder conviction." *State v. Millsaps*, 356 N.C. 556, 560, 572 S.E.2d 767, 770 (2002). Consequently, if a defendant is convicted of first degree felony murder and the underlying felony, the defendant cannot be sentenced separately for the underlying felony. *Id. See also State v. Weeks*, 322 N.C. 152, 176, 367 S.E.2d 895, 909 (1988) ("[W]hen the sole basis of a defendant's conviction of first degree murder is pursuant to the felony murder rule, no additional sentence may be imposed for the underlying felony as a separate independent offense, since the underlying felony merges with the conviction of first degree murder.").

In *Millsaps*, the defendant shot and killed two people. The defendant was subsequently found guilty of two counts of first degree murder pursuant to premeditation and deliberation as well as two counts of first degree murder pursuant to the felony murder rule, with the murder of the other victim serving as the underlying felony for each offense. 356 N.C. at 557, 572 S.E2d at 769. On appeal, the defendant argued that his first degree murder convictions were validly based only on felony murder, and therefore he was entitled to a new sentencing hearing at which only one murder conviction would be submitted. *Id.* at 568, 572 S.E.2d at 775. The Supreme Court of North Carolina vacated the defendant's first degree murder convictions based upon premeditation and deliberation. *Id.* at 570, 572 S.E.2d at 777. However, the Court, applying the merger doctrine, held that the felony murder

5

conviction for the death of one victim merged into the felony murder conviction for the other victim: "for sentencing purposes the felony murder conviction for the death of Lenna Lewis . . . merges into defendant's felony murder conviction for the death of Rhoda Rousseau . . . ; judgment for the felony murder conviction in case number 00CRS334 is arrested[.]" *Id.*

In the instant case, defendant was convicted of first degree murder of Gabriel Ape pursuant to the felony murder rule. The underlying felony was the second degree murder of Christopher Watts. Defendant was also convicted of first degree felony murder of Christopher Watts, with the second degree murder of Gabriel Ape as the underlying felony. Pursuant to the felony murder merger rule in *Millsaps*, the murder conviction resulting in the death of Watts merged into the felony murder conviction for the death of Ape. For sentencing purposes, since the murder conviction for the death of Watts merges into the felony murder conviction for the death of Ape, judgment on one count of first degree felony murder must be arrested.

The State concedes that it is unable to distinguish the facts of the instant case from the facts in *Millsaps* and *Weeks*. The first degree felony murder convictions should remain undisturbed; however, for sentencing purposes, judgment in case number 09CRS054844 is arrested. Therefore, we affirm the trial court's denial of defendant's motion for appropriate relief, and we remand for resentencing.

AFFIRMED; REMANDED FOR RESENTENCING.

Judges STROUD and McCULLOUGH concur.

Report per Rule 30(e).