HUNTER, JR., ROBERT N., Judge.
*461 This case comes to us on remand from the Supreme Court of North Carolina, reversing this Court's prior decision, for the purpose of considering the issues raised in Defendant's original appeal but not decided. On remand, after reviewing the opinion from the Supreme Court and the arguments advanced by the parties, we find Defendant received a trial free of error.
I. Procedure
Defendant originally argued before this Court that (1) the trial court committed plain error by failing to instruct the jury on the lesser-included misdemeanor offense of violation of a domestic violence protective order ("DVPO"); (2) Defendant was denied effective assistance of counsel when his trial attorney failed to request instruction on the lesser-included misdemeanor offense; (3) the trial court erred in sentencing Defendant within the aggravated range based in part on the aggravating factor of abuse of a position of trust or confidence; and (4) Defendant's habitual felon status was void because the underlying conviction was in error. See State v. Edgerton, ---N.C.App. ----, ----, 759 S.E.2d 669 (2014), rev'd 368 N.C. 32, 769 S.E.2d 837 (2015). By a 2-1 vote, this Court found the trial court's failure to instruct the jury on a lesser-included misdemeanor offense rose to the level of plain error. Id. at 674-75. The North Carolina Supreme Court reversed this Court's decision based on the dissenting opinion, which stated the failure of the trial court to instruct the jury on the lesser-included misdemeanor DVPO violation did not rise to the level of plain error. See *929 State v. Edgerton, 368 N.C. 32, 769 S.E.2d 837 (2015).
This case comes back to this Court on remand for the purpose of deciding Defendant's remaining three issues not addressed by our first *462 opinion: (1) whether the trial court erred in sentencing Defendant within the aggravated range; (2) whether Defendant received ineffective assistance of counsel; and (3) whether or not Defendant's habitual felon status pleading is void. This Court's prior opinion deciding whether Defendant feloniously violated a DVPO against his former girlfriend, Ms. King, presented a summation of the facts and procedural history of this case, which are incorporated herein. See Edgerton, --- N.C.App. at ----, 759 S.E.2d at 671-72.
II. Defendant's Sentence Aggravation Claim
Defendant argues the trial court erred in sentencing him within the aggravated range based in part on the statutory aggravating factor that "defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense." See N.C. Gen.Stat. § 15A-1340.16(d)(15) (2013). In his brief, Defendant asserts "[s]ince a personal relationship between the parties is a necessary prerequisite to obtaining a [DVPO] under Chapter 50B, the existence of a position of trust between the parties is assumed." Therefore, according to Defendant, "that trust cannot be used to aggravate the sentence of a criminal defendant who violates the protective order." We disagree.
To issue a DVPO, the court must "find[ ] that an act of domestic violence has occurred[.]" N.C. Gen.Stat. § 50B-3(a) (2013). Domestic violence is "the commission of one or more of the following acts upon an aggrieved party ... by a person with whom the aggrieved party has or has had a personal relationship [.]" N.C. Gen.Stat. § 50B-1(a) (2013) (emphasis added). Therefore, a past or current personal relationship is a prerequisite to obtaining a DVPO. N.C. Gen.Stat. § 50B-1 provides examples of "personal relationships" encompassed by the statute, including, among others, "current or former spouses; persons of opposite sex who live together or have lived together; [and] ... persons of the opposite sex who are in a dating relationship or have been in a dating relationship." N.C. Gen.Stat. § 50B-1(b) (2013).
Our General Statutes provide "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation [.]" N.C. Gen.Stat. § 15A-1340.16(d) (2013). Furthermore, "[a] sentence may not be aggravated by evidence supporting an element of the same offense." State v. Wilson, 354 N.C. 493, 522, 556 S.E.2d 272, 291 (2001), overruled on other grounds by State v. Millsaps, 356 N.C. 556, 572 S.E.2d 767 (2002). To feloniously violate a DVPO with a deadly weapon, a defendant must: (1) be in possession of a deadly weapon on or about his person or have the weapon in close proximity to his person;
*463 and (2) knowingly violate a valid protective order. See N.C. Gen.Stat. § 50B-4.1(g) (2013).
Here, Defendant's argument assumes that "trust and confidence" automatically exists in all of the "personal relationships" provided by the statute, and ascribes to N.C. Gen.Stat. § 50B-1 provisions which it does not include. The definition of a "personal relationship" under N.C. Gen.Stat. § 50B-1(b) does not include any element whatsoever which would require proof of either a position of trust or confidence or the abuse of that position. Thus, any evidence offered by the State to show that Defendant took advantage of a position of trust or confidence may be used to establish a statutory aggravating factor. Accordingly, we hold the trial court did not err in finding this as an aggravating factor, nor did it err in sentencing Defendant to a sentence within the aggravated range.
III. Defendant's Ineffective Assistance of Counsel Claim
The second issue for our consideration is whether Defendant was denied effective assistance of counsel when his trial attorney failed to request a jury instruction on the lesser-included misdemeanor offense of violation of a DVPO. There is a two-prong test for ineffective assistance of counsel claims. For Defendant to show ineffective assistance of counsel, "[he] must show both that 'counsel's *930 performance was deficient' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " State v. Gillespie, --- N.C.App. ----, ----, 771 S.E.2d 785, 788 (2015) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) ).
Here, the record lacks sufficient evidence to make a determination on Defendant's ineffective assistance of counsel claim. Additional fact-finding is necessary to determine if Defendant's attorney's conduct fell below the objective standard of reasonableness. Therefore, we dismiss this claim, allowing Defendant to seek a motion for appropriate relief if he so chooses.
IV. Defendant's Habitual Felon Status Claim
As a result of our Supreme Court finding no plain error as to the jury instruction of violation of a DVPO with a deadly weapon, Defendant's habitual felon status is not void because Defendant was validly convicted of felony violation of a DVPO.
NO ERROR.
Judges STROUD and DILLON concur.