An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-340

Filed: 20 October 2015

Mecklenburg County, Nos. 13 CRS 223464, 25820

STATE OF NORTH CAROLINA

   v.

JOSHUA DONYELL WALKER, Defendant.

Appeal by defendant from judgment entered 24 September 2014 by Judge Martin B. McGee in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 September 2015.

> *Roy Cooper, Attorney General, by Marc Bernstein, Special Deputy Attorney General, for the State.*
>
> *Cooley Law Office, by Craig M. Cooley, for defendant-appellant.*

ZACHARY, Judge.

Where the evidence at trial would not allow the jury to find defendant guilty of a lesser-included offense while acquitting him of the greater, the trial court did not err in declining to instruct the jury *sua sponte* on the lesser-included offense of second-degree murder. Where the trial court did not err, it did not commit plain error.

## I. Factual and Procedural Background

On the morning of 7 June 2013, Joshua Walker (defendant) drove from Fayetteville to Charlotte, to the home of friend Rashieka Carr. Later in the day, defendant, Carr, and another friend went to the home of another of defendant's friends, where defendant snorted cocaine and drank liquor for 60 to 90 minutes. Defendant left the home, drinking beer as he drove. Carr told him to slow down, because it was raining and visibility was poor, but he ignored her. Around 10 p.m., defendant turned onto Nations Drive, and Carr again told defendant to slow down, this time because there were people on the roadside. Leanna Snellings, Michael Lofton, and Frank Beaudry were those people, and they witnessed defendant speeding down Nations Drive in reverse. After defendant parked, they confronted him, criticizing his driving. Defendant got out of the car and shot Lofton, then Snellings, and then misfired at Beaudry. Defendant and Carr then drove off. Snellings and Lofton were injured, and Lofton subsequently died as a result of his injury.

Defendant was indicted for first-degree murder and attempted first-degree murder. On 24 September 2014, the jury found him guilty of first-degree murder pursuant to the felony murder rule, and of assault with a deadly weapon inflicting serious injury. The trial court sentenced defendant to life in prison without the possibility of parole for the murder conviction, and arrested judgment on the assault

with a deadly weapon inflicting serious injury conviction, the underlying felony for the murder.

Defendant entered timely notice of appeal.

## II. Standard of Review

We review "unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996).

> [T]he plain error rule ... is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "'resulted in a miscarriage of justice or in the denial to appellant of a fair trial'" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Lawrence*, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (quoting *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)).

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002).

### III. Second-Degree Murder Instruction

In his sole argument on appeal, defendant contends that the trial court committed plain error in failing to *sua sponte* instruct the jury on the charge of second-degree murder based on ill-will and spite. We disagree.

In its instructions, the trial court informed the jury that it could find defendant guilty of first-degree murder based either on malice, premeditation and deliberation, or on the felony murder rule, with assault with a deadly weapon inflicting serious injury being the underlying felony. In the alternative, the jury could find defendant not guilty. Defendant did not object to this instruction, nor did he request an instruction on second-degree murder in the jury charge conference. Accordingly, we review this issue for plain error.

Defendant contends that the evidence at trial supported an instruction on second-degree murder. The difference between first-degree murder and second-degree murder is the specific intent element; first-degree murder is committed with malice and specific intent to kill, whereas second-degree murder is committed with malice but without specific intent. *See, e.g., State v. Coble*, 351 N.C. 448, 449-50, 527 S.E.2d 45, 47 (2000). In support of defendant's contention that the killing was committed without specific intent, thus supporting an instruction on second-degree murder, defendant offers arguments that his conduct was motivated by spite or ill-

will, that it was reckless, and that it involved the use of a deadly weapon resulting in death.

Our Supreme Court has previously discussed the three forms of malice:

> In *Reynolds* we stated that the element of malice may be established by at least three different types of proof: (1) "express hatred, ill-will or spite"; (2) commission of inherently dangerous acts in such a reckless and wanton manner as to "manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief"; or (3) a "condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification." *Reynolds,* 307 N.C. at 191, 297 S.E.2d at 536. We then explained that the third type of malice is established by "intentional infliction of a wound with a deadly weapon which results in death." *Id.*

*Coble,* 351 N.C. at 450-51, 527 S.E.2d at 47. The Court in *Coble* noted that these forms of malice may support a conviction of second-degree murder, in the absence of specific intent. Defendant maintains that his conduct was motivated by spite and ill-will, that his conduct was motivated by recklessness, and that his conduct involved the infliction of a wound with a deadly weapon resulting in death, as in *Coble.* In addition, Defendant cites three unpublished opinions of this Court, which are not binding precedent pursuant to Rule 30(e) of the North Carolina Rules of Appellate Procedure.

The three illustrations of malice set forth in *Coble* are not, however, unique to second-degree murder. First-degree murder also contains a malice element. According to our Supreme Court's decision in *Millsaps,*

> If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense of murder in the first degree, including premeditation and deliberation, and there is *no* evidence to negate these elements . . . the trial judge should properly exclude from jury consideration the possibility of a conviction of second degree murder.

*Millsaps*, 356 N.C. at 560, 572 S.E.2d at 771 (quotations and citations omitted). That Court further held that "when the law and evidence justify the use of the felony-murder rule, then the State is not required to prove premeditation and deliberation, and neither is the court required to submit to the jury second-degree murder or manslaughter unless there is evidence to support it." *Id.* at 561, 572 S.E.2d at 771 (citations and quotations omitted). The illustrations of malice given by defendant do not show the non-existence of the elements of first-degree murder; rather, they are elements common to both first-degree and second-degree murder. Defendant has not established that there was any evidence in the record to negate the element of intent.

In that defendant cannot point to any evidence that "would permit the jury rationally to find defendant guilty of the lesser offense *and to acquit him of the greater*," *id.* (emphasis added), the trial court did not err in declining to give an instruction on second-degree murder. Where the trial court did not err generally, it could not have committed "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," and thus did not commit plain error.

NO ERROR.

Judges STEPHENS and McCULLOUGH concur.

Report per Rule 30(e).