**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4559**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLAUDE PERCY SALES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (CR-04-260)

_____

Submitted:  January 25, 2006        Decided:  February 27, 2006

_____

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Robert A.J.
Lang, Assistant United States Attorney, Winston-Salem, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Claude Percy Sales appeals from his 180-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, he asserts that his sentence should not have been enhanced under the Armed Career Criminal Act ("ACCA") because (1) such an enhancement violated United States v. Booker, 543 U.S. 220 (2005), and (2) his prior North Carolina breaking and entering convictions did not qualify as predicate felonies. We affirm.

As Sales admits, his claim that the application of the ACCA violated the principles of Booker is foreclosed by circuit precedent. See United States v. Thompson, 421 F.3d 278, 286 (4th Cir. 2005) (holding that fact of prior conviction is not subject to Booker requirements; that convictions cannot be severed from their essential components, including the integral facts such as the statutory violation and date of offense; and that these facts are inherent to convictions, not extraneous to them), petition for cert. filed, Oct. 25, 2005 (No. 05-7266); United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005) (holding that defendant's Sixth Amendment right to trial by a jury was not violated by district court's reliance on his prior convictions for purposes of sentencing under the ACCA, even though convictions were neither charged in indictment nor admitted), cert. denied, 126 S. Ct. 640 (2005).

- 2 -

Sales also contends that his North Carolina convictions for breaking and entering did not constitute "violent felonies" under 28 U.S.C.A. § 924(e)(2)(B) (West 2000 & Supp. 2005) because they were not "punishable by imprisonment for a term exceeding one year." Although breaking and entering, a Class H felony, carries a maximum term of 30 months' imprisonment, Sales was only subject to a term of 10-12 months, due to his criminal history and lack of admitted aggravating factors. (J.A. at 96, 104-05); see North Carolina v. Allen, 615 S.E.2d 256, 265-70 (N.C. 2005) (holding that, after Blakely v. Washington, 542 U.S. 296 (2004), statutory maximum is the maximum that this particular defendant can face in light of his criminal history and the facts found by a jury or admitted by the defendant).

However, as Sales admits, his argument is foreclosed by this court's decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (holding that "a prior North Carolina conviction was for a crime punishable by imprisonment for a term exceeding one year if any defendant charged with that crime could receive a sentence of more than one year"), cert. denied, 126 S. Ct. 297 (2005). In addition, Harp considered and rejected the argument that Allen required a different result.[*] Id. at 246-47. Thus, because

---

[*]At the time Harp was decided, Allen was still pending on appeal to the North Carolina Supreme Court. However, the Supreme Court affirmed the holding of the North Carolina Court of Appeals, which was the holding reviewed by this court. The North Carolina Court of Appeals held that the portion of the state sentencing

- 3 -

a sentence of over twelve months could be imposed on a defendant convicted of breaking and entering, Sales' prior convictions were properly considered felonies.

Accordingly, we affirm Sales' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

guidelines that permitted judges to impose aggravated sentences based on facts not found by a jury violated Blakely. North Carolina v. Allen, 601 S.E.2d 299, 306 (N.C. App. 2004).