STATE OF NORTH CAROLINA v. BRYANT LAMONT GWYNN

No. COA06-403

(Filed 20 March 2007)

**Homicide— first-degree murder—failure to instruct on lesser-included offense of second-degree murder erroneous**

The trial court erred in a first-degree murder case by refusing to instruct the jury on second-degree murder, and defendant is entitled to a new trial, because: (1) defendant was tried and convicted on the theory of felony murder, and there was conflicting evidence of the underlying felony of armed robbery; and (2) it was for the jury to decide the issue of fact arising from the conflicting evidence of armed robbery.

Appeal by defendant from judgment entered 16 November 2005 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 15 November 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General Robert J. Blum, for the State.*

*Kathryn L. VandenBerg, for defendant-appellant.*

ELMORE, Judge.

Bryant Lamont Gwynn (defendant) appeals the judgment of the trial court, entered 16 November 2005, convicting him of first-degree murder and sentencing him to life imprisonment without parole. Because we find that the trial court erred in failing to instruct the jury on second-degree murder, we grant defendant a new trial.

On 22 September 2003, Deshard Smart (Smart) arranged to meet defendant for the purpose of selling two pounds of marijuana. Unbeknownst to Smart, defendant lacked the financial means to make such a large purchase and had therefore decided to take the marijuana without paying for it. Accompanied by his friend, Ahmad

Powell (Powell), with whom defendant had concocted the plan to "take some weed from the dude," and driven by another friend, Calvin Carter (Carter), defendant set out at approximately 7:30 p.m. The three rode in defendant's girlfriend's red Honda Accord. Carter drove, Ahmad sat in the front passenger seat, and defendant sat in the back seat. Expecting that Smart was likely to be carrying a weapon, defendant had with him a 9mm handgun, which he planned to use if necessary.

The trio met Smart at the agreed upon address, and defendant got out of the car. Smart asked defendant if he was ready to make the deal, and defendant replied that he was. They walked to Smart's Cadillac, from which Smart removed the marijuana. Defendant then walked back to his car and got in, sitting in the driver's side rear seat. Defendant testified that as Smart follôwed him to the car, he saw Smart put a gun in his left jacket pocket. Smart opened the rear passenger side door and tossed the marijuana into the middle of the back seat. Smart partially entered the passenger side rear door, and asked for the money. Defendant responded that he did not have the money. At this point defendant saw Smart reach for his left pocket, and, fearing that Smart was reaching for his gun, defendant pulled out his own gun and fired seven times at Smart. Defendant admits that he did not see Smart's gun at that time. Smart fell out of the car, and defendant and his compatriots fled the scene. Smart died shortly thereafter.

Defendant was subsequently apprehended by the police and charged with first-degree murder. After the jury found him guilty of first-degree murder, the trial court entered a judgment convicting defendant and sentencing him to life imprisonment without parole. It is from this judgment that defendant now appeals.

At trial, defendant sought jury instructions on second-degree murder.[1] The trial court refused to issue such instructions, and defendant now assigns error to that refusal. Because defendant was convicted of felony murder, and we find that there was conflicting evidence of the underlying felony, we grant defendant a new trial.

Our Supreme Court has recently addressed the issue of when second-degree murder must be submitted to the jury as a lesser-included offense of first-degree murder.

---

1. Defendant also requested instructions on voluntary manslaughter and self-defense. However, because we agree with defendant's contention that the trial court ought to have instructed the jury as to second-degree murder, it is unnecessary to reach defendant's additional contentions.

Our Supreme Court has stated the standard as follows:

> The determinative factor is what the State's evidence tends to prove. If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense of murder in the first degree, including premeditation and deliberation, and there is *no* evidence to negate these elements other than defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of second degree murder.

*State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002) (quoting *State v. Strickland*, 307 N.C. 274, 293, 298 S.E.2d 645, 658 (1983), overruled in part on other grounds by *State v. Johnson*, 317 N.C. 193, 344 S.E.2d 775 (1986)).

With regard to first-degree felony murder, however, our Supreme Court has outlined the following principles:

> (i) If the evidence of the underlying felony supporting felony murder is in conflict and the evidence would support a lesser-included offense of first-degree murder, the trial court must instruct on all lesser-included offenses supported by the evidence whether the State tries the case on both premeditation and deliberation and felony murder or only on felony murder.

> (ii) If the State tries the case on both premeditation and deliberation and felony murder and the evidence supports not only first-degree premeditated and deliberate murder but also second-degree murder, or another lesser offense included within premeditated and deliberate murder, the trial court must submit the lesser-included offenses within premeditated and deliberate murder irrespective of whether all the evidence would support felony murder.

> (iii) If the evidence as to the underlying felony supporting felony murder is not in conflict and all the evidence supports felony murder, the trial court is not required to instruct on the lesser offenses included within premeditated and deliberate murder if the case is submitted on felony murder only.

*Millsaps*, 356 N.C. at 565, 572 S.E.2d at 773-74 (citations omitted). In this case, the State argued only for a felony murder theory of first-degree murder, so our analysis must hinge on whether the evidence of the underlying felony is in conflict. We find that the underlying evi-

dence was in conflict, and that the evidence would support a lesser-included offense of first-degree murder. Accordingly, the trial court erred in not so instructing the jury.

To prove its felony murder theory at trial, the State had to prove both that "(1) the defendant knowingly committed or attempted to commit one of the felonies indicated in N.C.G.S. § [14-17], and (2) a related killing." *State v. Mann*, 355 N.C. 294, 311, 560 S.E.2d 776, 787 (2002) (quoting *State v. Thomas*, 325 N.C. 583, 603, 386 S.E.2d 555, 567 (1989) (Mitchell, J., dissenting)). The felony upon which the State sought to rely was armed robbery. Defendant essentially argues that there was a conflict in the evidence of the underlying robbery because Smart threw the marijuana into the car, without any use of force or threat thereof on defendant's part. Defendant further argues that where

> "one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction" despite the existing doubt, because "the jury was presented with only two options: convicting the defendant . . . or acquitting him outright."

*State v. Camacho*, 337 N.C. 224, 234, 446 S.E.2d 8, 13-14 (1994) (quoting *State v. Thomas*, 325 N.C. at 599, 386 S.E.2d at 564 (1989) (quoting *Keeble v. United States*, 412 U.S. 205, 212-13, 36 L. Ed. 2d 844, 850 (1973)).

The State, rather than contesting that there is conflicting evidence of the armed robbery, argues only that "[t]his evidence pales in the face of the overwhelming evidence that the taking and killing were one continuous event." This Court disagrees. The evidence of the robbery was in conflict, and it was for the jury to decide this issue of fact. The jury was instead placed in the position of either convicting defendant of first-degree felony murder or acquitting him outright. The trial court's refusal to instruct the jury on second-degree murder was therefore prejudicial error. Accordingly, we vacate defendant's sentence and conviction and order a

New trial.

Judges HUNTER and McCULLOUGH concur.