STATE OF NORTH CAROLINA v. BRYANT LAMONT GWYNN

No. 158PA07

(Filed 12 June 2008)

### 1. Homicide— felony murder—second-degree murder instruction not required—underlying felony not in conflict

The Court of Appeals erred in a robbery with a dangerous weapon and first-degree murder under the felony murder rule case by granting defendant a new trial based on the erroneous conclusion that the trial court should have instructed the jury on second-degree murder as a lesser-included offense, because: (1) when the State proceeds on a theory of felony murder only, the trial court should not instruct on lesser-included offenses if the evidence as to the underlying felony supporting felony murder is not in conflict and all the evidence supports felony murder; (2) in the instant case, the State proceeded on a theory of felony murder only, relying on robbery with a dangerous weapon as the underlying felony; (3) evidence of the elements of robbery with a dangerous weapon was not in conflict when defendant initially received permission to access the victim's property in a limited or temporary manner but ultimately used a dangerous weapon to remove the stolen property from the victim's possession; and (4) although the victim permitted defendant to access the property in a limited and temporary manner prior to an anticipated sale, the victim in no way granted defendant permission to depart with the property.

### 2. Homicide— felony murder—manslaughter instruction not required—self-defense inapplicable

Although defendant raised two additional arguments which the Court of Appeals did not address including that the trial court erred by denying his request to instruct the jury on the lesser-included offense of manslaughter and that the trial court erred by denying his request to instruct the jury on self-defense, additional consideration of these issues on remand is unnecessary because: (1) the evidence of robbery with a dangerous weapon was not in conflict, and thus it follows that defendant was not entitled to an instruction on manslaughter given that, like second-degree murder, manslaughter is a lesser-included offense of felony murder; and (2) evidence at trial did not establish any of the exceptional circumstances under which self-defense may serve as a defense to felony murder.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 182 N.C. App. 343, 641 S.E.2d 719 (2007), vacating defendant's conviction and sentence imposed in a judgment entered on 16 November 2005 by Judge Ronald E. Spivey in Superior Court, Forsyth County, and ordering a new trial. Heard in the Supreme Court 17 March 2008.

> *Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the state-appellant.*

> *Kathryn L. VandenBerg for defendant-appellee.*

MARTIN, Justice.

A jury found defendant Bryant Lamont Gwynn guilty of robbery with a dangerous weapon and first-degree murder under the felony murder rule. The Court of Appeals granted defendant a new trial because it concluded that the trial court should have instructed the jury on second-degree murder as a lesser-included offense. We reverse.

The evidence admitted at trial showed the following: On 22 September 2003, defendant arranged to buy two pounds of marijuana from the victim. Although the victim expected defendant to pay him a large sum of money for the marijuana, defendant did not bring payment with him because he intended only "[t]o go over there and rob [the victim]." To that end, defendant enlisted Calvin Carter and Ahmad Powell to accompany him. He also brought a loaded nine-millimeter handgun, which he planned to use to rob the victim.

Carter drove the men to the arranged meeting place. Defendant rode in the rear seat behind the driver and Powell rode in the front passenger seat. The victim initially greeted them and entered the backseat of the vehicle. At the victim's request, Carter drove the men to the victim's car. Defendant and the victim then exited the vehicle and approached the victim's car to retrieve the marijuana. The victim showed defendant the marijuana and the two walked back to Carter's vehicle.

Defendant entered Carter's vehicle first and sat in the rear seat behind the driver. Shortly thereafter, the victim walked up to Carter's vehicle on the passenger's side, at which time defendant saw the victim place a gun in his coat pocket. Just before entering the vehicle himself, the victim tossed the marijuana into the center of the backseat. The victim then sat down on the edge of the backseat with his

legs outside the vehicle and his back turned toward defendant. The victim asked defendant, "Are you going to get this weed?" Defendant responded immediately by shooting the victim six times in the back and once in the chest.

Defendant then told the victim to "get out of the car." The victim fell out of the vehicle, landing facedown on the road. Defendant instructed Carter to drive away, and they left with the victim's marijuana. A few minutes later, the victim's sister discovered him shortly before he died. Meanwhile, Carter, Powell, and defendant went to defendant's house and divided up the marijuana, with defendant keeping the largest share. After the crime, defendant bragged to Carter and Powell, saying multiple times, "I told you I was going to do it."

At the close of the evidence, defendant requested jury instructions on second-degree murder as a lesser-included offense of felony murder, as well as instructions on manslaughter and self-defense. The trial court denied the request on the basis that the evidence of the underlying felony of robbery with a dangerous weapon was not in conflict. The jury convicted defendant of robbery with a dangerous weapon and felony murder, and the trial court sentenced defendant to life imprisonment without parole.

Defendant appealed to the Court of Appeals, arguing that the trial court should have instructed the jury on second-degree murder because "[t]he element of use of force to obtain the marijuana was in doubt" as to the underlying felony of robbery with a dangerous weapon. The Court of Appeals agreed and granted defendant a new trial. *State v. Gwynn*, 182 N.C. App. 343, 346, 641 S.E.2d 719, 721 (2007). This Court allowed the state's petition for discretionary review.

[1] In *State v. Millsaps*, 356 N.C. 556, 572 S.E.2d 767 (2002), we comprehensively explained that when the state proceeds on a first-degree murder theory of felony murder only, the trial court must instruct on all lesser-included offenses "[i]f the evidence of the underlying felony supporting felony murder is in conflict and the evidence would support a lesser-included offense of first-degree murder." *Id.* at 565, 572 S.E.2d at 773 (citation omitted). Conversely, when the state proceeds on a theory of felony murder only, the trial court should not instruct on lesser-included offenses "[i]f the evidence as to the underlying felony supporting felony murder is not in conflict and all the evidence supports felony murder." *Id.* at 565, 572 S.E.2d at 774 (citation omit-

ted). In the instant case, the state proceeded on a theory of felony murder only, relying on robbery with a dangerous weapon as the underlying felony. Therefore, as the Court of Appeals correctly observed, defendant's argument turns on whether the evidence of robbery with a dangerous weapon was in conflict. *See Gwynn*, 182 N.C. App. at 345, 641 S.E.2d at 721.

Under N.C.G.S. § 14-87(a), "[t]he essential elements of robbery with a dangerous weapon are: (1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." *State v. Haselden*, 357 N.C. 1, 17, 577 S.E.2d 594, 605 (internal quotation marks omitted) (quoting *State v. Call*, 349 N.C. 382, 417, 508 S.E.2d 496, 518 (1998)), *cert. denied*, 540 U.S. 988 (2003); *see* N.C.G.S. § 14-87(a) (2007).

Evidence of these elements is not in conflict when, as here, the defendant initially receives permission to access the victim's property in a limited or temporary manner but ultimately uses a dangerous weapon to " '*remov[e]* the stolen property from the victim's possession.' " *State v. Barnes*, 345 N.C. 146, 150, 478 S.E.2d 188, 191 (1996) (emphasis added) (quoting *State v. Sumpter*, 318 N.C. 102, 111, 347 S.E.2d 396, 401 (1986)); *e.g.*, *State v. Hope*, 317 N.C. 302, 306, 345 S.E.2d 361, 364 (1986). In *State v. Hope*, the defendant entered a store, tried on one of the coats for sale, and eventually left the store wearing the coat while displaying a firearm to threaten store employees who attempted to stop him. 317 N.C. at 306, 345 S.E.2d at 364. On these facts, this Court held that the elements of robbery with a dangerous weapon were satisfied even though "nothing in evidence indicated that the victims cared if customers tried clothing on inside the store." *Id.* As this Court explained, because "neither [of the store employees] gave the defendant permission to take the coat from the store," the elements of robbery with a dangerous weapon were satisfied when defendant used the threat of deadly force to depart the store with the coat without paying for it. 317 N.C. at 306-07, 345 S.E.2d at 364; *see also Sumpter*, 318 N.C. at 111-12, 347 S.E.2d at 401-02 (observing that the taking for purposes of armed robbery in *Hope* occurred when "the defendant departed from the store with the coat").

In the present case, the evidence of robbery with a dangerous weapon was not in conflict. The evidence here showed that the victim gave defendant limited and temporary access to the marijuana by

tossing it into the backseat of the vehicle shortly before entering the vehicle himself. As defendant himself conceded, the victim only did so because he was "expecting payment" from defendant. The victim's own words confirmed this expectation, as he asked defendant, "Are you going to get this weed?"

Thus, as in *Hope*, the evidence showed that although the victim permitted defendant to access the property in a limited and temporary manner prior to an anticipated sale, the victim in no way granted defendant permission to depart with the property. *See Hope*, 317 N.C. at 306, 345 S.E.2d at 364; *see also State v. Buckom*, 328 N.C. 313, 318, 401 S.E.2d 362, 365 (1991) ("[I]f a jeweler places diamonds on a counter for inspection by a customer, under the jeweler's eye, the diamonds remain under the protection of the jeweler." (citation omitted)). Rather, the uncontroverted evidence established that defendant only acquired possession of the marijuana by shooting the victim seven times and fleeing the scene, thereby " 'removing the stolen property from the victim's possession.' " *Barnes*, 345 N.C. at 150, 478 S.E.2d at 191 (quoting *Sumpter*, 318 N.C. at 111, 347 S.E.2d at 401); *e.g.*, *Hope*, 317 N.C. at 306, 345 S.E.2d at 364. Accordingly, the evidence of robbery with a dangerous weapon was not in conflict, and the Court of Appeals erred in reversing the trial court's denial of defendant's request to instruct the jury on second-degree murder. *See Millsaps*, 356 N.C. at 565, 572 S.E.2d at 774.

[2] We observe in closing that defendant raised two additional arguments which the Court of Appeals did not address: (1) that the trial court erred by denying his request to instruct the jury on the lesser-included offense of manslaughter; and (2) that the trial court erred by denying his request to instruct the jury on self-defense. We conclude, however, that additional consideration of these issues on remand is unnecessary.

First, because the evidence of robbery with a dangerous weapon was not in conflict, it follows that defendant was not entitled to an instruction on manslaughter given that, like second-degree murder, manslaughter is a lesser-included offense of felony murder. *See Millsaps*, 356 N.C. at 565, 572 S.E.2d at 774; *see also State v. Thomas*, 325 N.C. 583, 591-92, 386 S.E.2d 555, 559-60 (1989) (observing that manslaughter is a lesser-included offense of felony murder). Second, as defendant himself concedes, our holding also renders his self-defense argument meritless, as the evidence at trial did not establish any of the exceptional circumstances under which self-defense may serve as a defense to felony murder: "(1) a reasonable basis upon

which the jury may have disbelieved the prosecution's evidence of the underlying felony; (2) a factual showing that defendant clearly articulated his intent to withdraw from the situation; or (3) a factual showing that at the time of the violence the dangerous situation no longer existed." *State v. Bell*, 338 N.C. 363, 387, 450 S.E.2d 710, 723 (1994) (citations omitted), *cert. denied*, 515 U.S. 1163 (1995); *accord State v. Moore*, 339 N.C. 456, 467-68, 451 S.E.2d 232, 238 (1994). Accordingly, defendant's remaining arguments necessarily fail.

For the foregoing reasons, the decision of the Court of Appeals is reversed. Defendant's conviction and sentence for felony murder remain undisturbed.

REVERSED.