STATE OF NORTH CAROLINA
v.
RODERICK LEIGH BETHEA
No. COA08-705
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Robert R. Gelblum, for the State.
Hartsell & Williams, P.A., by Christy E. Wilhelm, for defendant-appellant.
BRYANT, Judge.
Roderick Leigh Bethea (defendant) appeals from a judgment entered upon jury verdicts finding him guilty of two counts of robbery with a dangerous weapon. We dismiss in part and find no error in part.

Facts
The State presented evidence tending to show the following: On 11 October 2006, Samuel Webb and Allen Sharpe were playing pool at the Playworld in Asheville, North Carolina when defendant approached Webb and asked for a ride. Webb testified he had met defendant through a drug treatment program, but only knew defendant's first name at the time the incident occurred. After Webb and Sharpe finished shooting pool, the three men went outside. As they approached Sharpe's vehicle, another man walked towards them and defendant introduced the man as his friend and asked Sharpe, who was actually driving, if he would give his friend a ride because defendant and the friend were going to the same location. Sharpe obliged.
Sharpe testified he drove, with Webb sitting in the front passenger seat, and defendant and his friend sitting in the back seat. Sharpe drove the occupants to an unspecified location and stopped when defendant asked him to. At some point during the short drive, defendant and his friend placed bandanas over their mouths. When Sharpe stopped the vehicle and let defendant and his friend out, defendant and his friend pulled out guns, pointed the guns at Webb, and demanded Webb's money. Sharpe, distracted by the commotion on the passenger's side of the vehicle, did not notice another individual approach until he felt something, which he determined to be a gun, pressed against the left side of his temple. Sharpe testified he was not able to look directly at the individual, but saw that he was wearing a bandana over his face in the same manner as defendant and his friend. The individual demanded Sharpe's wallet, money, and cell phone. Sharpe testified the men searched his vehicle and then left. After the men left, Sharpe and Webb drove back to the pool hall and used a pay phone located at a gas station beside the pool hall to place a call to 911.
Ryan Justus, an officer with the Asheville Police Department, responded to the 911 call. Officer Justus interviewed Webb and Sharpe. Webb gave Officer Justus defendant's first name, and eventually placed a call to an individual who worked at the halfway house where Webb and defendant met. After concluding the call, Webb informed the officer of defendant's last name. Once Officer Justus had defendant's first and last name, he used the computer located in his patrol car to retrieve a photograph of defendant. Separately, Sharpe and Webb identified the individual in the photograph as defendant.
Defendant was indicted on two counts of robbery with a dangerous weapon. At trial, defendant's motions for sequestration of the witnesses was granted. Defendant's motion to dismiss at the end of the State's evidence was denied. The jury returned a verdict of guilty on both counts of robbery with a dangerous weapon and judgment was thereupon entered. Defendant appeals.
On appeal defendant argues the trial court erred by: (I) Admitting the photograph of defendant into evidence; (II) denying defendant's motion to dismiss; (III) failing to give an instruction on the lesser included offense of common law robbery; and (IV) by entering judgment when the evidence was inconsistent with the jury's verdict; and (V) entering judgment in violation of defendant's right to a speedy trial. Defendant also argues (VI) he received ineffective assistance of counsel at trial.

I
Defendant argues the trial court erred by admitting into evidence a photograph used during a pre-trial identification because the photograph was used to identify defendant as the person who committed the crime and the pre-trial identification violated defendant's constitutional rights. We disagree.
During an interview after the incident occurred, Webb identified a photograph of defendant displayed by Officer Justus on his computer screen as one of the individuals involved in the robbery. Defendant argues the pre-trial identification conducted by Officer Justus violated defendant's constitutional rights. Defendant did not raise this constitutional question at the trial level. Therefore, defendant has waived review of the constitutionality of the pre-trial identification. See State v. Cummings, 353 N.C. 281, 292, 543 S.E.2d 849, 856 (2001) ("Constitutional questions that are not raised and passed upon in the trial court will not ordinarily be considered on appeal.").
Defendant also failed to "specifically and distinctly" assign plain error to either the trial court's admission of the photograph into evidence or the manner by which the pre-trial identification was conducted. See N.C. R. App. P. 10(b)(2) (2007) (a question not preserved by objection may be the basis of an assignment of error if the question "is specifically and distinctly contended to amount to plain error."). Without doing so, defendant has waived plain error review. See Dogwood Dev. and Mgmt. Co., LLC v. White Oak Transp. Co., Inc., 362 N.C. 191, 195-96, 657 S.E.2d 361, 364 (2008) ("[A] party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal."). Therefore, defendant's assignment of error is dismissed.

II
Defendant next argues the trial court erred by denying his motion to dismiss at the close of the State's evidence and at the close of all the evidence. We disagree.
A defendant's motion to dismiss is appropriately denied when "the State has presented substantial evidence (1) of each essential element of the offense and (2) of the defendant's being the perpetrator." State v. Boyd, 177 N.C. App. 165, 175, 628 S.E.2d 796, 804 (2006). In ruling on a motion to dismiss, a trial court must view the evidence "in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).
The elements of the offense of robbery with a dangerous weapon under N.C. Gen. Stat. § 14-87(a) are: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." State v. Gwynn, 362 N.C. 334, 337, 661 S.E.2d 706, 707-08 (2008) (quoting State v. Haselden, 357 N.C. 1, 17, 577 S.E.2d 594, 605 (2003)).
Here, viewing the evidence in the light most favorable to the State, there was sufficient evidence of each essential element and that defendant was the perpetrator of the crime. Both Sharpe and Webb separately identified defendant as one of the individuals who was involved in the robbery shortly after the incident occurred. Sharpe also testified of his certainty that defendant was one of the individuals involved in the robbery because defendant possessed a distinguishable or distinctive physical characteristic that made him "stand out" to Sharpe.

III
Defendant argues the trial court erred by failing to give an instruction on the lesser included offense of common law robbery. However, defendant failed to object to the trial court's instruction at trial, limiting any review to plain error. See N.C. R. App. P. 10(b)(4) (2007). Additionally, defendant has failed to "specifically and distinctly" allege plain error in his assignments of error. Id. Failure to do so results in waiver of plain error review. See State v. McClary, 157 N.C. App. 70, 74, 577 S.E.2d 690, 693 (2003). Therefore, this assignment of error is dismissed.

IV
Defendant argues the trial court erred by entering judgment on the jury verdicts. Defendant has failed to cite any authority in support of this contention and has therefore waived appellate review. Furthermore, defendant's contention is without merit. Therefore, this assignment of error is overruled.

V
Defendant contends the one-year and four-month delay between his 13 October 2006 arrest and his 26 February 2008 trial was a constitutional violation of his right to a speedy trial. We disagree.
The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution, and article I section 18 of the North Carolina Constitution.
In Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101, 117 (1972), the United States Supreme Court identified four factors "which courts should assess in determining whether a particular defendant has been deprived of his right" to a speedy trial under the federal Constitution. These factors are: (i) the length of delay, (ii) the reason for the delay, (iii) the defendant's assertion of his right to a speedy trial, and (iv) whether the defendant has suffered prejudice as a result of the delay. See id.; see also State v. Flowers, 347 N.C. 1, 27, 489 S.E.2d 391, 406 (1997), cert. denied, 522 U.S. 1135, 118 S. Ct. 1094, 140 L. Ed. 2d 150 (1998). We follow the same analysis when reviewing such claims under Article I, Section 18 of the North Carolina Constitution. See Flowers, 347 N.C. at 27, 489 S.E.2d at 406; State v. Jones, 310 N.C. 716, 721, 314 S.E.2d 529, 532-33 (1984). State v. Allen, 166 N.C. App. 139, 145, 601 S.E.2d 299, 304 (2004) (citation omitted). The burden is on the defendant to show that the delay was caused by the neglect or willfulness of the prosecution. Id.
In the present case, there was a total of sixteen months between the time of defendant's arrest and the time of defendant's trial. While the delay is enough to cause concern, see State v. Webster, 337 N.C. 674, 679, 447 S.E.2d 349, 351 (1994) (sixteen-month delay deemed sufficient to cause concern and to trigger examination of other factors), defendant has failed to meet his burden of showing that the delay was caused by the State's neglect or willfulness. Defendant merely asserts that because the record does not suggest that any delay was due to defendant's actions, the delay must have been caused by the neglect of the prosecution. However, defendant has not presented "any evidence that the delay was "purposeful or oppressive or could have been avoided by reasonable effort by the prosecutor or caused by neglect." Allen, 166 N.C. App. at 146, 601 S.E.2d at 304 (internal citations omitted).
Furthermore, in reviewing the two remaining Barkley factors, defendant did not assert his right to a speedy trial prior to this appeal. See State v. Grooms, 353 N.C. 50, 63, 540 S.E.2d 713, 722 (the defendant's failure to assert his right to a speedy trial earlier in the process "weigh[s] against his contention that he has been denied his constitutional right to a speedy trial.").
Additionally, defendant has failed to demonstrate he was prejudiced by the delay. Defendant argues he was unable to "investigate the facts and circumstances" surrounding the alleged crime. However, at trial, defendant was able to offer the testimony of Angela Clemmons, who lived in the neighborhood where the robbery occurred and was defendant's neighbor. Clemmons testified she spoke with police officers on the night of the robbery and indicated she had not seen defendant that evening. Defendant has not demonstrated prejudice as a result of the delay. Therefore, we overrule this assignment of error.

VI
Lastly, defendant argues he received ineffective assistance at trial because of his counsel's failure to object to the photographic lineup, failure to file motions to suppress, and failure to request a jury instruction on a lesser included offense of common law robbery.
Generally, ineffective assistance of counsel claims should be considered via motions for appropriate relief and not on direct appeal. State v. Stroud, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). However, "IAC claims brought on direct [appeal] will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Fair, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001). In this case, defendant's ineffective assistance of counsel claim can be decided by review of the materials contained in the record on appeal.
"To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense." State v. Allen, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006) (quoting Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984)), writ of cert. denied, 166 L. Ed. 2d 116 (2006). "Generally, `to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Wiggins v. Smith, 539 U.S. 510, 534, 156 L. Ed. 2d 471, 493 (2003)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (internal quotations omitted).
Having reviewed the record and transcripts in this case, we cannot say the performance of defendant's trial counsel was ineffective. Even assuming without deciding that trial counsel's performance was deficient, defendant has failed to establish that had the alleged deficiency on the part of his trial counsel not occurred, a different result would have been reached at trial. Therefore, this assignment of error is overruled.
Dismissed in part; no error in part.
Judges McGEE and GEER concur.
Report per Rule 30(e).